IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

W HOLDING CO., INC., et al,

Plaintiffs,

v.

CHARTIS INSUR. CO.-PUERTO RICO, et al,

Defendants.

Civil No. 11-2271 (GAG)

**OPINION AND ORDER**

Former Westernbank directors and officers ("D&O's") seek reimbursement for fees and costs incurred when litigating their request for advancement of fees and costs in the case at bar. The former D&O's claim that Chartis Insurance Company of Puerto Rico ("Chartis") frivolously and obstinately opposed the D&Os' request for advanced costs in litigating this case. The D&O's isolate their request for fees and costs to only those accumulated in engaging the advancement question, reserving the right to petition the court for fees and costs in toto at the conclusion of this case. For the following reasons, after considering the motion, opposition, and reply thereto, the court **GRANTS** the D&Os' motion for fees. (Docket No. 254.)

**I. FACTUAL BACKGROUND**

On July 3, 2012, the court ordered Chartis to advance defense costs because "even a remote possibility that a claim ultimately will be covered" merits advancement. (Docket No. 211.) Chartis alleged no obligation to advance defense costs where none are covered under the policy. (Docket Nos. 185 & 211.) Chartis sought reconsideration on July 19, 2012, which the court denied. (Docket No. 227). Chartis then appealed the order to advance costs to the First Circuit. (Docket No. 246.)

**Civil No. 11-2271 (GAG)**

Presently, the D&O's move for an award of attorneys' fees and expenses incurred in litigating Chartis's refusal to comply with its policy obligation to advance costs for defending against the FDIC's claims. (Docket No. 254 at 1.) The D&O's assert that Chartis engaged in obstinate conduct that caused unnecessary litigation, thereby "forcing the D&O's to incur expenses in pursuing avoidable tasks." (Id. at 2.)

The D&O's claim the FDIC obstinately labeled the advancement "extraordinary relief." (Id.) (citing Docket No. 185 at 4-5.) Secondly, the D&O's allege Chartis obstinately denied the existence of a clearly established rule – the "remote possibility" test. (Docket No. 254 at 8.) Chartis purportedly stated that the remote possibility test was "not applicable." (Id.) (citing Docket No. 185 at 5). The D&O's also assert that Chartis obstinately refused to acknowledge that the FDIC claims satisfy the "remote possibility" standard. (Docket No. 254 at 2.)

Lastly, the D&O's aver that Chartis acted obstinately by forcing the D&O's to file a motion and "doing everything possible to frustrate the Court's order granting the motion." (Docket No. 254 at 12.) The D&O's claim Chartis's motion for reconsideration constitutes obstinacy because "it was a mere re-argument of its opposition to the advancement motion" that "did nothing more than repeat old arguments previously considered and rejected . . .". (Docket No. 254 at 13) (quoting Standard Quimica De Venezuela v. Cent. Hispano Intern., Inc., 189 F.R.D. 202, 205 (D.P.R. 1999)).

**II. STANDARD OF REVIEW**

Puerto Rico Rule of Civil Procedure 44.1 provides the substantive backdrop for these claims. Fajarado Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico, Inc., 167 F.3d 1, 14 (1st Cir. 1999). Rule 44.1(d) states: "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorneys' fees which the court decides corresponds to such conduct." P.R. R. CIV. P. 44.1(d). "To make a threshold determination of obstinacy, a court must 'determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay.'" Fajardo

2

**Civil No. 11-2271 (GAG)**

Shopping Ctr., 167 F.3d at 14 (quoting De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991)).

Unnecessary litigation, unnecessarily prolonging litigation, and forcing a party to incur expenses in the pursuit of avoidable tasks exemplify obstinacy. Newell Puerto Rico, Ltd. v. Rubbermaid, Inc., 20 F.3d 15, 24 (1st Cir. 1994) (limited on other grounds by Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998)). "Obstinacy may be found to characterize a particular form of conduct in one case but not in the other." Dopp v. Pritzker, 38 F.3d 1239, 1253 (1st Cir. 1994); see also Century Packing Corp. v. Giffin Spec. Equip. Co., LLC, 438 F. Supp. 2d 16, 30 (D.P.R. 2006); IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 453 (1st Cir. 2010). In Century Packing, the court held that an "example of obstinacy is where a party risks litigating a case in which negligence appears prima facie. If a defendant answers the complaint and denies his total liability in those circumstances, he is deemed obstinate." 438 F. Supp. 2d at 30. Rule 44.1(d) seeks to "penalize or sanction a losing party with an attorneys' fees award that is commensurate with the degree or intensity of his obstinate or frivolous conduct." IOM Corp., 627 F.3d at 440 (quoting Corpak, Art Printing v. Famallo Brothers, 1990 P.R.-Eng. 710, 162, 125 D.P.R. 724 (1990)).

### III. ANALYSIS

The parties agree that the "remote possibility" test applies in this case. Under this standard, insurers must advance costs when a remote possibility exists that the insurance policy provides coverage. See Cuadrado-Rodriguez v. Fernandez-Rodriguez, 2007 WL 1577940, at *5-8 (P.R. 2007). This issue arose because Chartis allegedly contested, in previous briefs, whether the "remote possibility" standard applies, and whether a remote possibility of coverage exists here.

**A.   The "In Its Judgment" Clause**

Preliminarily, Chartis argues that the "in its judgment" clause of Rule 44.1(d)[1] requires the

---

[1] The Rule states, "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person impose on such person the payment of a sum for attorneys' fees which the court decides corresponds with such conduct." P.R. R. CIV. P. 44.1(d).

3

**Civil No. 11-2271 (GAG)**

court to formally adjudge whether a policy covers a provision before entering an award for fees. Chartis cites no persuasive law justifying its position. In rejecting this argument, the court relies on Perez-Pascual v. Vega-Rodriguez. 124 D.P.R. 529, 539 (P.R. 1989); see also Top Entm't, Inc. v. Torrejon, 351 F.3d 531, 533 (1st Cir. 2003) (permitting the district court to, "in its discretion," determine the amount of fees awarded). Interpreting the rule in the manner Chartis requests would restrict a court to sanction parties only upon entry of judgment. Neither Puerto Rico jurisprudence nor considerations of practicality substantiate Chartis's interpretation.

### B. The "Remote Possibility" Standard

Chartis does not obstinately or frivolously argue the inapplicability of the "remote possibility" standard. Although Chartis states, "Even assuming the 'remote possibility' standard was applicable (which it is not), as set forth in Chartis'[s] Motion to Dismiss, there is 'no possibility' of coverage for the FDIC Lawsuit," its preceding and subsequent arguments reveal this statement to be a poorly worded assertion that the Insured v. Insured Exclusion applies to the FDIC, rather than a rejection of the standard. (Docket No. 185 at 19.) For example, Chartis's Motion to Dismiss, to which Chartis refers the court, makes no mention of the "remote possibility" standard. (See Docket No. 197.) Furthermore, instead of arguing the standard does not apply, Chartis argues that the standard fails to apply to the cases to which the D&O's cite. The court will not penalize a party for attempting to draw distinctions between previous cases and the facts at bar unless obstinate or frivolous, and no such behavior exists here. For similar reasons, the court finds that Chartis's motion for reconsideration does not constitute obstinacy or frivolity. Chartis attempts to bring to the court's attention a clear error of law. Although the court disagrees with Chartis's conclusions, parties should not incur sanctions for zealously asserting, in good faith, that a court has ruled incorrectly.

### C. A Remote Possibility of Coverage Clearly Exists

In contrast, Chartis's denial that a remote possibility of coverage exists in this case is

**Civil No. 11-2271 (GAG)**

obstinate. The court's denial of the D&Os' and Insurers' motions to dismiss discusses the various reasons previous courts have or have not applied the Insured vs. Insured Exclusion to the FDIC. (Docket No. 304 at 16-19.)   As a matter of law, more than a "remote possibility" exists that the Exclusion does not apply to the FDIC, and that coverage may therefore apply, as well.  Despite maintaining that the Exclusion applies to the FDIC, Chartis, either through its own filings or those presented by the D&O's, certainly knew of the conflicting jurisprudence.  Chartis states that differing opinions on the subject "raise[] an issue of first impression or a reasonably debatable question of law or fact." (Docket No. 280 at 6.) By Chartis's own admission, therefore, there exists a "remote possibility" that a court may find the Exclusion inapplicable.  Litigating this dispute, whose answer lay on the face of the liability policy, was unnecessary, resolved no genuine issue, and offends Newell and Century Packing, 20 F.3d at 24.  The Regulatory Exclusion, were it included in the liability policy, would more appropriately exemplify impossibility.  Chartis, however, seems only to rely on the Insured v. Insured Exclusion as justification for impossibility.  (See Docket No. 185 at 18) ("Here, based on the Insured v. Insured Exclusion, there are no 'covered Defense Costs[.]'").  Consequently, this claim fails and the D&O's shall receive costs and fees commensurate only with Chartis's obstinacy in denying remote possibility of coverage**.**

The D&O's are hereby directed to furnish the court with detailed records of all costs and fees related only to litigating the question of whether the policy required Chartis to advance costs and fees, including those expended in bringing and replying to this motion.

**IV. CONCLUSION**

For the reasons stated herein, the Court **GRANTS** the D&Os' motion for fees and costs.

**SO ORDERED.**

In San Juan, Puerto Rico this 31st day of October, 2012.

*S/Gustavo A.Gelpí*
GUSTAVO A. GELPI
United States District Judge

**Civil No. 11-2271 (GAG)**

6