IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

W HOLDING CO., INC., et al,

Plaintiffs,

v.                                                          Civil No. 11-2271 (GAG)

CHARTIS INSUR. CO.-PUERTO RICO, et al,

Defendants.

**OPINION AND ORDER**

In their motion for reconsideration (Docket No. 343), the Directors and Officers ("D&O's") ask the court to reconsider its opinion and order denying all motions to dismiss (Docket No. 304). The D&O's claim the court erred by: a) finding that a three-year limitations period applies to the transgressions alleged in the FDIC's complaint, and; b) tolling the relevant statute. For the following reasons, the court **DENIES** the D&O's motion for reconsideration (Docket No. 343).

**I.      Standard of Review**

A motion for reconsideration may not serve as a vehicle to relitigate matters previously litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). Courts entertain motions for reconsideration that seek to correct manifest errors of law or fact, present newly discovered evidence, or arise due to intervening changes in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Co., 20 F. Supp.

**Civil No. 11-2271 (GAG)**

2d 282, 286 (D.P.R. 1998)). A losing party may not "repeat old arguments previously considered and rejected, or . . . raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**II.     Discussion**

The D&O's claim the court erroneously applied a three-year limitations period to the allegations levied against them and incorrectly tolled the limitations period. The court rejects these assertions and considers them in turn.

     A.     The Three-Year Limitations Period Applies

The D&O's take issue with the court classifying gross negligence in Puerto Rico's Business Judgment Rule, codified at P.R. LAWS ANN. tit. 14 § 3563, as a liability created by law because it originated as a common law principle. (See Docket No. 343 at 3.) The court previously addressed why it found the term "created by law" does not proscribe consideration of codified common law principles. (See Docket No. 304 at 12.) To elaborate, "If the language of a statute . . . has a plain and ordinary meaning, we need look no further and should apply [the statute] as it is written." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241-42 (1989). P.R. LAWS ANN. tit. 32 § 261 gives rise to a three-year limitations period for director liability "created by law." The definition of "create" includes "to bring about" by a course of action or behavior. WEBSTER'S NEW WORLD COLLEGE DICTIONARY 340 (4th ed. 2001). To "create," therefore, does not require uniqueness in the creation; rather, it simply requires the creator to "bring about" something -the liability, in this instance. The Puerto Rico legislature brought about liability for gross negligence by codifying the Business Judgment Rule. While courts have distinguished liabilities arising under "statutory law" and "common law," the statute here reads "at law." Puerto Rico has embraced liability for gross negligence and the three-year limitations period at both common law and in its statutes, thereby making the Business Judgment Rule applicable to this case.

Secondly, the D&O's assert that California state court decisions bind this court's interpretation of whether a liability "created by law" arises from codification of a common law

**Civil No. 11-2271 (GAG)**

principle. (Docket No. 343 at 3.) California courts have held that codified common law does not necessarily constitute a liability "created by law," and the D&O's claim that Johnson Chemical Co. v. Condado Ctr., Inc. 329 F. Supp. 98, 99 (D.P.R. 1971), dictates adherence to these cases. (Id.) The court disagrees with the D&O's interpretation of Johnson Chemical. The Johnson Chemical court conducted its analysis by "following the precedents set in California from" which the Puerto Rico law "was literally taken." 329 F. Supp. at 99. The opinion implies that California's precedent comprises the most persuasive authority on the issue, perhaps to assist Puerto Rico with developing its jurisprudence on the subject; however, classifying this language as implying that California precedent "must be followed as a matter of commonwealth law" is an unreasonable extrapolation.

   B. Tolling is Appropriate

   The D&O's claim the court adopts the principle of adverse domination – federally created common law – as stated in FDIC v. Bird. See generally 516 F. Supp. 647 (D.P.R. 1981). The court does not do this. The opinion clearly states that federal common law governing the standard of care used to measure the legal propriety of the conduct of directors is impermissible according to Supreme Court precedent, and that adverse domination principles are sufficiently similar to delayed discovery rules adopted by the Puerto Rico Supreme Court and the First Circuit. (See Docket No. 304 at 13-14.) The court states that Bird created federal common law, offending O'Melveny & Myers when it was subsequently decided, implying that the court cannot adopt this principle outright. (Id.) Instead, the court merely draws a comparison between adverse domination and the delayed discovery rule, concluding that under either principle the statute of limitations is tolled until an aggrieved party knows or reasonably should have known about the alleged harm. The court does not create federal common law in denying the various motions to dismiss and reiterates that Puerto Rico and First Circuit precedent bind this court to apply specific tolling principles throughout this litigation. (Id. at 14.) To the extent that Hildenbrand and Wylie provided sufficient notice, furthermore, neither party squarely addressed this issue in their motions to dismiss and replies

3

**Civil No. 11-2271 (GAG)**

thereto. (See Docket 343 at 3, 6.)[1] Rather, the D&O's claimed that preclusion necessitated halting this litigation. As previously stated, following discovery, the parties may fully address whether sufficient notice occurred to prohibit tolling in these cases. The court will dismiss any time-barred claims accordingly.

Relatedly, the D&O's discuss a tolling limitation principle sounding in contract and statute. The D&O's claim, "The three-year prescriptive period of section 261 is a statute of repose (caducity), which . . . is not subject to tolling, period." (Docket No. 343 at 5.) Section 261's California counterpart, according to California jurisprudence, begins its three-year period from the time the liability is created, "rather than from the time when the cause of action accrues. Moreover . . . the time when the plaintiff actually discovered the injury/wrongful act is not dispositive." Briano v. Rubio, 46 Cal. App. 4th 1167, 1175 (Cal. Ct. App. 1996). The court, to reiterate, is not bound by California precedent and need not rehash its explanation for tolling the statute of limitations discussed in the original opinion and order denying the various motions to dismiss. (Docket No. 304.) The doctrine of caducity, furthermore, does not apply here. Caducity concerns expiration dates in contracts or statutes. For example, in Rivera-Flores v. Puerto Rico Tel. Co., the First Circuit discussed caducity in the context of Puerto Rico's workers' compensation statute: "Where employers need hold a disabled worker's position open for only twelve months, after which they are not obligated to reinstate the worker, caducity applies to prohibit tolling past the twelve-month period." 64 F.3d 742, 750 (1st Cir. 1995). The D&O's fail to cite any case or law directly tying section 261 to the doctrine of caducity.

C. First Circuit and Puerto Rico Supreme Court Certification Denied

Lastly, the D&O's seek certification of the following issues: 1) the proper limitations period for a claim against corporate directors for alleged gross negligence; 2) whether caducity applies to section 261 and whether it may be tolled, and; 3) whether Puerto Rico recognizes adverse

---

[1] The court cited Wylie as a 2012 Puerto Rico District Court case in Docket No. 304; however, it is a 2011 case.

**Civil No. 11-2271 (GAG)**

domination. First, section 261 clearly states that actions against directors must be brought within three years after discovery of the facts upon which the liability was created. Director liability for gross negligence arises under P.R. LAWS ANN. tit. 14 § 3563. The court engaged in a lengthy discussion in finding that the FDIC sufficiently pleaded gross negligence, comparing several very similar cases to the facts at bar. Because this is an action against D&O's, it must be brought within three years. The court finds this line of thinking unexceptional to the extent that it does not merit certification. Second, caducity bears no relevance here, and the D&O's legal argument fails to convince the court otherwise. Third, the court sufficiently addresses adverse domination above. The court therefore finds no issues of first impression or exceptional circumstances present to justify certification.

### III. Conclusion

For the abovementioned reasons, the court **DENIES** the D&O's motion to reconsider. (Docket No. 343.)

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of December 2012.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge