**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| W HOLDING COMPANY, INC., et al.,<br>**Plaintiffs**<br><br>**v.**<br><br>**AIG INSURANCE COMPANY -- PUERTO RICO,**<br>**Defendant**<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WESTERNBANK PUERTO RICO,**<br>**Plaintiff Intervenor**<br><br>**v.**<br><br>**FRANK STIPES GARCIA, et al.,**<br>**Cross Claim Defendants**<br><br>**AIG INSURANCE COMPANY -- PUERTO RICO,**<br>**Previously Joined Defendant**<br><br>**MARLENE CRUZ CABALLERO AND THE FRONTERA-CRUZ CONJUGAL PARTNERSHIP, et al.,**<br>**Additional Defendants** | **CIVIL ACTION NO. 11-02271-GAG-BJM** |

**ADDITIONAL DEFENDANT JULIA FUENTES DEL COLLADO'S ANSWER TO
SECOND AMENDED AND RESTATED COMPLAINT IN INTERVENTION**

COMES NOW, Additional Defendant Julia Fuentes Del Collado ("Ms. Fuentes"), by and through her undersigned attorney, hereby responds as follows to the Second Amended and Restated Complaint in Intervention (the "SAC").

**FIRST DEFENSE**

Each and every count of Plaintiff Intervenor's Complaint fails to state a claim against Fuentes upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

Specifically responding to the enumerated and non-enumerated paragraphs of the Complaint, Ms. Fuentes answers as follows:

**INTRODUCTION**

1.　　Ms. Fuentes admits that the FDIC purports to bring this action in its capacity as Receiver of Westernbank of Mayaguez, Puerto Rico.  Ms. Fuentes denies that she is liable for gross negligence and/or breaches of fiduciary duty or other legal duties.  Ms. Fuentes admits that the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("OCFI") closed Westernbank.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, which therefore stand denied.

2.　　Ms. Fuentes states that the Complaint filed by the FDIC in this action speaks for itself, and thus no further response is required.  To the extent any further response is required, the allegations of Paragraph 2 are denied.

3.　　Ms. Fuentes states that the Complaint filed by the FDIC in this action speaks for itself, and thus no further response is required.  To the extent any further response is required, the allegations of Paragraph 3 are denied.

4.　　Ms. Fuentes denies the allegations contained in Paragraph 4 of the Complaint.

5.　　Ms. Fuentes denies the allegations contained in Paragraph 5 of the Complaint.

6.　　Ms. Fuentes denies the allegations contained in Paragraph 6 of the Complaint.

7.　　Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, which therefore stand denied.

8.　　Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, which therefore stand denied.

2

9.     Ms. Fuentes denies the allegations contained in Paragraph 9 of the Complaint.

## INTERVENTION AND REMOVAL

10.     Ms. Fuentes states that the Complaint filed in the Puerto Rico Commonwealth Court by W Holding and individual plaintiffs Frank C. Stipes Garcia ("Stipes"), Juan Carlos Frontera Garcia ("Frontera"), Hector L. Del Rio Torres ("Del Rio"), William M. Vidal Carvajal ("Vidal"), Cesar A. Ruiz Rodriguez ("Ruiz"), and Pedro R. Dominguez Zayas ("Dominguez") against Chartis Insurance Company of Puerto Rico speaks for itself, and thus no further response is required.  To the extent any further response is required, the allegations of Paragraph 10 are denied.

11.     The allegations in Paragraph 11 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

12.     The allegations in Paragraph 12 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

13.     The allegations in Paragraph 13 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

14.     Ms. Fuentes admits that the FDIC, as Receiver of Westernbank, intervened as a plaintiff in the State Court Action.  Ms. Fuentes states that the remaining allegations in Paragraph 14 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

15.     Ms. Fuentes states that the original Complaint in Intervention of the FDIC, as Receiver of Westernbank, speaks for itself, and therefore she denies any allegations inconsistent therewith.

16.     Ms. Fuentes admits the allegations contained in Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Ms. Fuentes admits that this Court has subject matter jurisdiction over this action.

18.     Ms. Fuentes admits that at all times she was a resident of Puerto Rico and conducted the business of the Bank in Puerto Rico.  Ms. Fuentes further states that the remaining allegations in Paragraph 18 of the Complaint are conclusions of law, to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the remaining allegations in this Paragraph of the Complaint,

19.     Ms. Fuentes admits that venue is proper in this Court.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, which therefore stand denied.

## THE PARTIES

### Plaintiff Intervenor - FDIC

21.     Ms. Fuentes states that the code sections cited in Paragraph 21 of the Complaint speak for themselves, and therefore she denies any allegations inconsistent therewith.  Ms. Fuentes states that the remaining allegations in Paragraph 21 of the Complaint are conclusions of law, to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the remaining allegations in this Paragraph of the Complaint.

### Cross Claim Defendants

22.     Ms. Fuentes admits that Stipes was Chairman of the Board of the Bank, President and CEO of the Bank, and a member of the Bank's Senior Lending Committee ("SLC") and the

Bank's Senior Credit Committee ("SCC").  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, which therefore stand denied.

23.     Ms. Fuentes admits that Frontera was a director of the Bank.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, which therefore stand denied.

24.     Ms. Fuentes admits that Del Rio was a Director of the Bank and a member of the SCC.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, which therefore stand denied.

25.     Ms. Fuentes admits that Vidal was Vice President of Commercial Credit, Chief Lending Officer of the Bank's Northern Region and Chief Banking Officer.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, which therefore stand denied.

26.     Ms. Fuentes admits that Ruiz was a director of the Bank.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, which therefore stand denied.

27.     Ms. Fuentes admits that Dominguez was VP of Commercial Credit and CLO for the Bank's Southern Region and a member of the SCC.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, which therefore stand denied.

**<u>Previously Joined Defendant - Chartis</u>**

28.     Ms. Fuentes admits that Defendant Chartis issued certain policies of insurance under which she is an insured and that she has properly informed Defendant Chartis that she believes those policies cover her in this matter.  Ms. Fuentes further states that the FDIC has

filed a Complaint against Defendant Chartis under the Puerto Rico Direct Action statute and that Complaint speaks for itself.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, which therefore stand denied.

## **Additional Defendants**

29.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, which therefore stand denied.

30.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, which therefore stand denied.

31.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, which therefore stand denied.

32.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, which therefore stand denied.

33.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, which therefore stand denied.

34.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, which therefore stand denied.

35.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, which therefore stand denied.

36.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, which therefore stand denied.

37.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, which therefore stand denied.

38.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, which therefore stand denied.

39.     Ms. Fuentes admits that Biaggi was at various times President and CEO of the Bank, a director of the Bank, and a member of the SCC.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, which therefore stand denied.

40.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, which therefore stand denied.

41.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, which therefore stand denied.

42.     Ms. Fuentes admits that Cortina was VP of Commercial Credit and Chief Construction Officer of the Bank and was CLO for the Western Region of the Bank.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, which therefore stand denied.

43.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, which therefore stand denied.

44.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, which therefore stand denied.

45.     Ms. Fuentes admits that Miguel A. Vazquez Seijo ("Vazquez") was the President of the Business Credit Division ("BCD") of the Bank from on or about June 1, 2001 until he was terminated.  Ms. Fuentes further admits that Vazquez was a member of the SCC during that same period.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 45 of the Complaint, which therefore stand denied.

46. On information and belief, Ms. Fuentes admits that Sharon McDowell Nixon is the spouse of Miguel A. Vazquez.

47. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, which therefore stand denied.

48. Ms. Fuentes admits that she was SVP of the BCD during the relevant time period and a member of the SCC during the relevant time period. Ms. Fuentes further admits that she is a resident of Puerto Rico. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint, which therefore stand denied.

49. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, which therefore stand denied.

50. Ms. Fuentes admits that Tamboer was a director of the Bank. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, which therefore stand denied.

51. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, which therefore stand denied.

52. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, which therefore stand denied.

53. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint concerning where Defendant XL Specialty Insurance Company ("XL") is authorized to do and is doing business, which therefore

stand denied.  Ms. Fuentes admits that Defendant XL issued certain policies of insurance under which she is an insured and that she has properly informed Defendant XL that she believes those policies cover her in this matter.  Ms. Fuentes further states that the FDIC has filed a Complaint against Defendant XL under the Puerto Rico Direct Action statute and that Complaint speaks for itself.

54.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint concerning where Defendant Liberty Mutual Insurance Company ("Liberty") is authorized to do and is doing business, which therefore stand denied.  Ms. Fuentes admits that Defendant Liberty issued certain policies of insurance under which she is an insured and that she has properly informed Defendant Liberty that she believes those policies cover her in this matter.  Ms. Fuentes further states that the FDIC has filed a Complaint against Defendant Liberty under the Puerto Rico Direct Action statute and that Complaint speaks for itself.

55.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint concerning where Defendant ACE Insurance Company ("ACE") is authorized to do and is doing business, which therefore stand denied.  Ms. Fuentes admits that Defendant ACE issued certain policies of insurance under which she is an insured and that she has properly informed Defendant ACE that she believes those policies cover her in this matter.  Ms. Fuentes further states that the FDIC has filed a Complaint against Defendant ACE under the Puerto Rico Direct Action statute and that Complaint speaks for itself.

55(A).  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55(A) of the Complaint, which therefore stand denied.

55(B).  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55(B) of the Complaint, which therefore stand denied.

55(C).  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55(C) of the Complaint, which therefore stand denied.

## BACKGROUND

56.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Westernbank was founded, when it converted its charter to become a full service commercial bank under the laws of Puerto Rico, or the growth of the Bank between 1999 and 2009, which therefore stand denied.  Ms. Fuentes denies that the officer and director Defendants approved and/or administered numerous CRE, construction, and asset based commercial loans in violation of Bank policies, federal safety and soundness regulations and prudent banking practices.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the dividends received by Stipes, Tamboer, and the other Defendants, which therefore stand denied.  Ms. Fuentes denies that she received substantial dividend income based on the loans identified in the Complaint. Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of branches of the Bank at the time of closure or the size of the bank at the time of closure, which therefore stand denied.

57.     Ms. Fuentes admits that the BCD was responsible for the origination of asset based loans.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning bonuses the Bank paid to Vazquez, which therefore stand denied.  Ms. Fuentes states that she had concerns about certain lending practices associated with the INYX and Intercoffee loans.  Ms. Fuentes further states that she shared her concerns about the INYX and Intercoffee loans with Mr. Vazquez during discussions with him while both were

10

employed by Westernbank.  Ms. Fuentes denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, which therefore stand denied.

59.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, which therefore stand denied.

60.     Ms. Fuentes states that the 2005 Report of Examination speaks for itself, and she therefore denies any allegations inconsistent therewith.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements of the Bank's auditors, Deloitte & Touche LLP, on April 13, 2006, which therefore stand denied.

61.     Ms. Fuentes states that the 2006 FDIC Report of Examination speaks for itself, and she therefore denies any allegations inconsistent therewith.

62.     Ms. Fuentes states that the 2007, 2008, and 2009 FDIC Reports of Examination speak for themselves, and she therefore denies any allegations inconsistent therewith.  Ms. Fuentes admits that the FDIC issued a Cease and Desist Order to the Bank and that the OCFI closed the Bank and appointed the FDIC as Receiver.

63.     Ms. Fuentes denies the allegations contained in Paragraph 63 of the Complaint.

64.     Ms. Fuentes states that the Form 10-K for 2007, filed with the SEC on March 16, 2009 speaks for itself, and she therefore denies any allegations inconsistent therewith.  Ms. Fuentes denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Ms. Fuentes states that Westernbank's Commercial Loan Policy speaks for itself, and she therefore denies any allegations inconsistent therewith.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 65 of the Complaint concerning the membership of the SLC, which therefore stand denied.

66.     Ms. Fuentes states that the policy manual for the BCD governing asset based lending speaks for itself, and she therefore denies any allegations inconsistent therewith.  Ms. Fuentes admits that during all or part of the relevant time period, Stipes, Dominguez, Vidal, Tamboer, Del Rio, Frontera, Vazquez, Fuentes, and Biaggi were members of the SCC.

67.     Ms. Fuentes denies the allegations contained in Paragraph 67 of the Complaint.

68.     Ms. Fuentes denies the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

70.     The allegations in Paragraph 70 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

71.     The allegations in Paragraph 71 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

72.     The allegations in Paragraph 72 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

73.     The allegations in Paragraph 73 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

74.    The allegations in Paragraph 74 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

75.    The allegations in Paragraph 75 contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in this Paragraph.

76.    Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, which therefore stand denied.

## THE LOSS LOANS

77.    Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, which therefore stand denied.

78.    Ms. Fuentes states that the BCD Policy speaks for itself and denies any allegations in Paragraph 78 inconsistent therewith.  Ms. Fuentes denies the remaining allegations in Paragraph 78 of the Complaint.

79.    Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, which therefore stand denied.

80.    Ms. Fuentes denies the allegations contained in Paragraph 80 of the Complaint concerning the loans to Inyx and Intercoffee.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the Complaint, which therefore stand denied.

81.    The allegations in this Paragraph contain in whole or in part conclusions of law to which no response is required; to the extent a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 81 of the Complaint.

## TAMBOER'S BREACH OF FIDUCIARY DUTY

82.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 82 of the Complaint.  Ms. Fuentes further states that she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Complaint, which therefore stand denied.

## CLAIMS FOR RELIEF

### Count / - Gross Negligence Against All Defendants

83.     Ms. Fuentes repeats and incorporates by reference her responses to Paragraphs 1 through 82 as if fully set forth herein.

84.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 84 of the Complaint.

85.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 85 of the Complaint.

86.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 86 of the Complaint.

### Count 2 — Breach of Fiduciary Duty Against Tamboer

87.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 87 of the Complaint.

88.     Ms. Fuentes is without knowledge or information sufficient to form a belief as the truth of the allegations concerning Tamboer's interests in the Museum Towers loan.  The remaining allegations in Paragraph 88 are conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the remaining allegations in Paragraph 88 of the Complaint.

### Count 3 — Adverse Domination

89.     Ms. Fuentes repeats and incorporates by reference her responses to Paragraphs 1 through 88 as if fully set forth herein.

90.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 90 of the Complaint.

### Count 4 - Fraudulent Conveyance Claim Against Stipes

91.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, which therefore stand denied.

92.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 92 of the Complaint.

93.     This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 93 of the Complaint.

### Count 5 - Fraudulent Conveyance Claim Against Tamboer

94.     Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint, which therefore stand denied.

95.    This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 95 of the Complaint.

96.    This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 96 of the Complaint.

### Count 6 - Fraudulent Conveyance Claim Against Dominguez

97.    Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, which therefore stand denied.

98.    This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 98 of the Complaint.

99.    This Paragraph contains conclusions of law to which no response is required; to the extent that a response is deemed required, Ms. Fuentes denies the allegations in Paragraph 99 of the Complaint.

### Count 7 — Direct Action Claims Against Insurance Carriers

100.    Ms. Fuentes admits that Chartis, XL, Liberty and ACE issued policies of insurance covering the individual officer and director Defendants.  Ms. Fuentes further admits that she timely reported claims to these carriers within the claim reporting periods under the policies.  Ms. Fuentes is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the other Defendants timely reported claims to these carriers within the claim reporting periods under the policies.  The remaining allegations in Paragraph 100 of the Complaint are conclusions of law to which no response is required; to the

extent that a response is deemed required, Ms. Fuentes denies the remaining allegations in Paragraph 100 of the Complaint.

### THIRD DEFENSE

Plaintiff Intervenor's claims are barred in whole or in part because the conduct challenged by Plaintiff Intervenor constitutes the reasonable exercise of business judgment by Ms. Fuentes.

### FOURTH DEFENSE

Plaintiff Intervenor's claims are barred in whole or in part by the applicable statute(s) of limitation, statute(s) of repose and/or the doctrine of laches.

### FIFTH DEFENSE

Plaintiff Intervenor's claims are barred in whole or in part because at all times Ms. Fuentes acted in good faith, including (without limitation) relying and acting in good faith upon information, opinions, reports, or statements, including financial statements and other financial data, in each case prepared or presented by:

(1)     One or more directors, officers or employees of the bank whom she reasonably believed to be reliable and competent in the matters presented; and

(2)     Counsel, public accountants, or other persons as to matters which Ms. Fuentes reasonably believed to be within such person's professional or expert competence.

### SIXTH DEFENSE

Plaintiff Intervenor's claims attempt to impose personal liability upon Defendants for alleged damages resulting from intervening events that were historic, global, unforeseen, and unforeseeable by countless reasonable persons, including the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("OCFI") and other government

agencies and regulators charged with monitoring and regulating financial institutions.  Such agencies failed to take preventative steps to avoid the disastrous decline in real estate value nationally, the near-collapse of global credit markets, and the epidemic failures of the financial institutions they were responsible for regulating.  All of the aforementioned caused or contributed to the alleged damages sought by Plaintiff Intervenor.

## SEVENTH DEFENSE

Plaintiff Intervenor, as Receiver of the Bank, negligently and grossly negligently intervened to cause substantial damage and waste to the assets and capital of the Bank.  Ms. Fuentes cannot be held liable for damages caused by Plaintiff Intervenor's intervening and unforeseeable negligent and grossly negligent acts.

## EIGHTH DEFENSE

Plaintiff Intervenor's purported claims are barred in whole or in part because Plaintiff Intervenor's negligent and grossly negligent acts prevented the Bank from mitigating damages resulting from unforeseeable intervening events.

## NINTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part because Ms. Fuentes had no knowledge of, or reasonable grounds to believe in the existence of, the facts by which her liability is alleged to exist.

## TENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part to the extent Plaintiff Intervenor failed, neglected, or refused to mitigate damages as required by law.

### ELEVENTH DEFENSE

Plaintiff Intervenor's purported claims against Defendants are barred in whole or in part to the extent the OCFI, the FDIC-C, or others failed, neglected, or refused to mitigate damages as required by law.

### TWELFTH DEFENSE

Plaintiff Intervenor's purported claims against Defendants are barred in whole or in part because Plaintiff Intervenor's alleged damages (if any) were not proximately caused by any wrongdoing on the part of Ms. Fuentes.

### THIRTEENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part to the extent Ms. Fuentes acted within the scope of her authority.

### FOURTEENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part to the extent Plaintiff Intervenor consented to, authorized and/or ratified Ms. Fuentes' conduct alleged as wrongful.

### FIFTEENTH DEFENSE

Plaintiff Intervenor's purported claims against Defendants are barred in whole or in part to the extent the OCFI and/or the FDIC-C consented to, authorized and/or ratified Defendants' conduct alleged as wrongful.

### SIXTEENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part to the extent the Bank's Senior Executives and/or the Board of Directors consented to, authorized and/or ratified Ms. Fuentes' conduct alleged as wrongful.

## SEVENTEENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part to the extent any alleged wrongful conduct occurred when Ms. Fuentes was not employed at the Bank and/or was not in a position of discretionary authority, and therefore had no duty and/or authority to direct and/or control the alleged wrongful conduct.

## EIGHTEENTH DEFENSE

Ms. Fuentes alleges, on information and belief, that the matters complained of in the SAC were proximately caused, in whole or in part, by the acts or omissions of others, including but not limited to Plaintiff Intervenor, FDIC-C, and the OCFI.  Thus, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Defendants should be reduced accordingly.

## NINETEENTH DEFENSE

Plaintiff Intervenor's purported claims against Ms. Fuentes are barred in whole or in part by estoppel.

## TWENTIETH DEFENSE

Any alleged liability to Plaintiff Intervenor is barred or reduced by the doctrine of recoupment and/or the doctrine of set-off.

## TWENTY-FIRST DEFENSE

Plaintiff Intervenor's purported claims are barred in whole or in part because Defendants reasonably and in good faith relied on bank examiners and regulators, including but not limited to the OCFI and the FDIC, which failed to foresee the alleged losses and failed to require Defendants to adopt any course of conduct other than that which allegedly resulted in the losses complained of in the Complaint.

## TWENTY-SECOND DEFENSE

Plaintiff Intervenor's purported claims are barred in whole or in part because Defendants reasonably and in good faith relied upon information, reports, opinions, and statements provided by persons, government agencies, and regulatory authorities, including the OCFI and the FDIC, with professional and/or expert competence, in taking or failing to take action(s) now alleged by Plaintiff Intervenor to be wrongful.

**WHEREFORE**, having answered fully, Ms. Fuentes respectfully prays that the Court dismiss the Second Amended Complaint in Intervention, enter judgment against Plaintiff Intervenor and in favor of Ms. Fuentes, and further grant Ms. Fuentes such other and further relief as the Court deems just and proper.

This 21st day of December, 2012.

/s/ Robert R. Long
Robert R. Long (Georgia Bar #141546)
*(pro hac vice)*
Austin M. Hall (Georgia Bar #310751)
*(pro hac vice)*
Elizabeth Gingold Greenman (Georgia Bar #919979)
*(pro hac vice)*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel. (404) 881-7000
Fax (404) 881-7777
*robert.long@alston.com*

/s/ Enrique Peral
Enrique Peral USDC-PR 202802
ENRIQUE PERAL LAW OFFICES, P.S.C.
340 Felisa Rincon Ave., Apdo. 2508
San Juan PR 00926-6641
Tel. (787) 360-6035/600-6435

Fax (787) 919-7319
*eperal@peral-law.com*
*legalassistant@peral-law.com*

**Attorneys for Julia Fuentes Del Collado**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21st day of December, 2012, I electronically

filed the foregoing document with the Clerk of Court by using the CM/ECF system, and a

copy of the foregoing pleading has been electronically mailed to all attorneys of record.


/s/ Robert R. Long
Robert R. Long (Georgia Bar #141546)
*(pro hac vice)*
Robert.Long@alston.com