# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

W HOLDING CO., INC., et al.,

Plaintiffs,

v.                                           Civil No. 11-2271 (GAG)

AIG INSUR. CO., et al.,

Defendants.

## MEMORANDUM OPINION

Several former Westernbank directors and officers ("the D&O's")[1] brought a third-party complaint against the Federal Deposit Insurance Corporation ("the FDIC") and the United States of America ("United States") (collectively "Defendants") under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and 12 U.S.C. § 1819(a) (the "'sue and be sued' clause") (Docket No. 415.)  The FDIC and the United States moved to dismiss the complaint for lack of jurisdiction and failure to state a claim.  (Docket Nos. 463 & 465.)  For the following reasons, the court **MOOTS in part** and **DENIES in part** Defendants' motions to dismiss at Docket Nos. 463 and 465.

## I.    Relevant Factual Background

The court's opinion and order denying several motions to dismiss details the underlying facts and issues involved in this case.  See generally W Holding Co., Inc. v. Chartis Insur. Co.-P.R., 904

---

[1] Frank C. Stipes Garcia, Juan C. Frontera Garcia, Hector Del Rio Torres, William Vidal Carvajal, Cesar Ruiz, and Pedro R. Dominguez.

**Civil No. 11-2271 (GAG)**

F. Supp. 2d 169 (D.P.R. 2012).  The matter at hand concerns the FDIC's liability for failing to warn Westernbank of the D&Os' grossly negligent mismanagement.  The D&O's claim that, to the extent they are liable for Westernbank's collapse, the FDIC's corporate division ("FDIC-C") must shoulder some responsibility for neglecting to warn the bank of its ostensibly wanton leadership.  (See generally Docket No. 415.)

The FDIC-C acknowledged that Westernbank enjoyed a "12-year run as one of the safest and most stable banks in the United States."  (Id. at 4.)  The FDIC-C:

> awarded its highest possible CAMELS composite score to [Westernbank], which meant (1) that it was sound in every respect, (2) that [a]ny weaknesses are minor and can be handled in a routine manner . . . (3) [Westernbank] is in substantial compliance with laws and regulations, and (4) [Westernbank] exhibits the strongest performance and risk management practices relative to the institution's size, complexity, and risk profile . . . giving no cause for concern.

(Id. at 4-5) (internal quotation marks omitted) (footnote omitted).  The FDIC-C allegedly "negligently hastened [Westernbank's] demise, caused its seizure by the FDIC-R[, which is the FDIC's receivership component], and proceeded to dismember it and sell off its assets to its principal rival – Popular, Inc."  (Id. at 5.)  Indeed, the "FDIC-C was responsible for conducting regular, periodic off-site and on-site examinations of Westernbank and its loan portfolio . . . [to ensure] that Westernbank's lending activities and practices conformed to applicable banking standards and regulations."  (Id. at 5-6.)  These reviews included examining allegedly grossly negligent loans while simultaneously recognizing Westernbank's "soundness, safety, . . . asset quality, and . . . management quality" with top ratings of "1's" and "2's" from 1999 to 2007. (Id. at 6.)

The D&O's also claim that the FDIC-C "acted negligently . . . by obstructing and thwarting Westernbank's efforts to raise additional capital and remain solvent," and that the FDIC-C negligently executed an arbitrary and capricious government-led endeavor called "Project Themis" to select "winn[ing] and los[ing]" banks.  (Docket No. 415 at 7.)

The complaint references the relief requested by several names, e.g., contribution for

**Civil No. 11-2271 (GAG)**

1   damages, apportionment, and recoupment.  (See id. at 2.)  The D&O's claim not to seek affirmative

2   relief in requesting distribution of liability between themselves and the FDIC-C.  (Id.)  Furthermore,

3   the D&O's seek relief only against the FDIC-C and not the FDIC-R.

4   **II.     Standard of Review**

5          "The general rules of pleading require a short and plain statement of the claim showing that

6   the pleader is entitled to relief."  Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st

7   Cir. 2009) (citations omitted) (internal quotation marks omitted).  "This short and plain statement

8   need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

9   rests.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10         Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to

11  state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  To survive a Rule

12  12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is

13  plausible on its face."  Twombly, 550 U.S. at 570.  The court must decide whether the complaint

14  alleges enough facts to "raise a right to relief above the speculative level."  Id. at 555.  In so doing,

15  the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's

16  favor.  Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a court must

17  accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

18  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements

19  of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly,

20  550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the

21  mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader

22  is entitled to relief.'"  Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2))

23  **III.     The Merits**

24         Defendants assert two grounds for dismissal: 1) the D&O's failed to properly serve the

25  United States, and; 2) the United States, not the FDIC, is the only proper defendant in an FTCA

26  action.  The court considers these issues in turn.

27

28                                                3

**Civil No. 11-2271 (GAG)**

    A.    <u>Service of Process</u>

The United States initially moved to dismiss for failure to serve process. (<u>See</u> Docket No. 465-1 at 1-3.) The D&O's responded that they served process twice. (<u>See</u> Docket No. 483 at 25-26.) Furthermore, the United States informed the court that it was properly served on May 8, 2013. (<u>See</u> Docket No. 489.) Therefore, this issue is **MOOT**.

    B.    <u>Claims Against the FDIC and the United States</u>

Defendants each move to dismiss the claim against the FDIC. Defendants claim that only the United States is a proper defendant under the FTCA. Though the D&O's brought the claim under the FTCA, the complaint reaches for any jurisdictional hook on which to rest their allegations. The D&O's invoke 12 U.S.C. § 1819(a) and 28 U.S.C. § 1367 to bring a claim for "nivelacion," simply another name for the same relief requested, which "allows joint tortfeasors to 'level out' their fault if a plaintiff obtains a judgment against one of them." (Docket No. 483 at 4.) This immutably tort-based form of relief traces its origins to Puerto Rico law. Therefore, before reaching the merits of the FTCA arguments, the court must decide whether the FDIC is subject to liability for nivelacion and if the FTCA and the United States need to be involved at all. The D&O's imply as much, stating, "[W]e alternatively named the United States as a third-party defendant, in the event the Court were to treat the D&Os' third-party complaint as a tort claim under the FTCA (which it is not)." (Docket No. 485 at 2.)

The core question presented, though not expressly stated, asks through which vehicle the D&O's may lodge this complaint against the FDIC-C: the FTCA, or state law pursuant to the "sue and be sued" clause of Section 1819(a).[2] If the FDIC-C has no duty to inform a bank of its officers' gross negligence, then the court need not go further: the FTCA component may be dismissed. This pure question of law requires elaboration.

---

[2]  The FDIC has the power to "sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal." 12 U.S.C. § 1819(a). The D&Os' claim for liability apportionment under state law hinges on whether the FDIC benefits from the no-duty rule under federal law.

4

Civil No. 11-2271 (GAG)

    **1.**     ***O'Melveny*'s Impact and Whether the FDIC-C Benefits from the "No-Duty" Rule**

The court begins its analysis by acknowledging the detailed work of Judge Dow in the Northern District of Illinois.  See FDIC v. Spangler, Civ. Case No. 10-4288, 2012 WL 5558941 (N.D. Ill. Nov. 15, 2012).  Spangler provides a thorough historical and doctrinal lesson on the impact of the Supreme Court's holding in O'Melveny & Myers v. FDIC on the FDIC's duty to inform a bank of its officers' gross negligence ("no-duty rule").  See id.; see also O'Melveny & Myers v. FDIC, 512 U.S. 79 (1994).  Judge Dow discusses circuit precedent adopting the no-duty rule before O'Melveny and O'Melveny's possible rejection of the rule, ultimately determining that resolving the issue would be premature at the motion to dismiss stage.  Spangler, 2012 WL 5558941, at *5.  The viability of the no-duty rule poses a substantial legal question.  See id. at *2-5.

The Spangler court believed that development of the record and supplemental legal briefing at summary judgment would assist it with answering whether the FDIC bore a duty to banks it oversaw because the FDIC neglected to address O'Melveny's significance in its briefs.  Id. at *5, n.4.  This case differs from Spangler because the court has the benefit of both parties' perspectives on O'Melveny's impact on the no-duty rule's application to the FDIC-C.  In counseling hesitation on conclusively pronouncing the no-duty rule dead or alive, Spangler notes that only one court of appeals has considered the no-duty rule post-O'Melveny.[3]  See id. at *4 (citing FDIC v. Oldenburg, 38 F.3d 1119, 1121 (10th Cir. 1994)) (upholding no-duty rule).  Furthermore, in 2006, the Sixth Circuit adopted a pre-O'Melveny Third Circuit opinion finding no duty to warn directors and officers of official wrongdoing under the Federal Deposit Insurance Act.[4]  See Salt Lick Bancorp v. FDIC,

---

[3]  The Spangler court stated that the Tenth Circuit, sitting *en banc*, neglected to consider O'Melveny in its analysis of the no-duty rule.  However, the previous panel decision cited the case three times.  See FDIC v. Oldenburg, 34 F.3d 1529, 1538-39 (10th Cir. 1994).

[4]  The 2006 opinion was not recommended for full-text publication. Sixth Circuit Rule 32.1 states, however, "The court permits citation of any unpublished opinion, order, judgment, or other

**Civil No. 11-2271 (GAG)**

187 Fed. Appx. 428, 437-38 (6th Cir. 2006) (quoting <u>First State Bank v. United States</u>, 599 F.2d 558, 563 (3d Cir. 1979)).  In <u>First State Bank</u>, the Third Circuit held, "The Federal Deposit Insurance Act imposes no duty on the FDIC to warn the officers and directors of a bank about wrongdoing committed by one of its officials and discovered by the FDIC."  <u>Id.</u> (quoting 599 F.2d at 563).

The FDIC cites several cases decided in <u>O'Melveny</u>'s aftermath in an effort to bolster its position.  (<u>See</u> Docket No. 497 at 9-16.)  In <u>Grant Thornton, LLP v. FDIC</u>, the Southern District of West Virginia determined that "no duty is owed for the pre-receivership acts of regulators."  535 F. Supp. 2d 676, 723 (S.D. W. Va. 2007), *rev'd on other grounds*, <u>Ellis v. Grant Thornton LLP</u>, 530 F.3d 280 (4th Cir. 2008).  Indeed, the <u>O'Melveny</u> Court clarified, "[T]he rules of decision at issue here do not govern the primary conduct of the United States or any of its agents or contractors, but affect only the FDIC's rights and liabilities, as *receiver*, with respect to primary conduct, on the part of private actors, that has already occurred."  512 U.S. at 88 (emphasis added).

Whether the FDIC-C enjoys unfettered immunity under the no-duty rule, however, remains a complex question of law, one which several courts confronting the issue have decided in the negative.  <u>See e.g.</u>, <u>FDIC v. Blackwell</u>, Civ. Case No. 11-3243 (RWS), slip op. at 5-9 (N.D. Ga., May 7, 2013) (finding no-duty rule inapplicable to FDIC-C under <u>O'Melveny</u>) (citing <u>FDIC v. Skow</u>, Civ Case No. 11-1111 (N.D. Ga. Aug. 14, 2012) (same); <u>FDIC v. Gladstone</u>, 44 F. Supp. 2d 81, 86 (D. Mass. 1999) (same)).  The court strives to accurately interpret statutory and Supreme Court directives.  A more developed record and supplemental briefing at the summary judgment stage will further this objective.  Despite receiving substantial insight from the parties, the court follows the examples of fellow districts courts and exercises prudence in denying the motions to dismiss because of split authority on the issue.  <u>See</u> <u>FDIC v. Willetts</u>, 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012) (denying motion to strike no-duty rule argument because of unsettled law); <u>see also</u> <u>Spangler</u>, 2012 WL 5558941, at *5 (same).  A more developed record or further legal analysis may reveal a clearer

---

written disposition."  6TH CIR. R. 32.1 (amended Aug. 16, 2012), *available at* http://www.ca6.uscourts.gov/internet/rules_and_procedures/pdf/rules2004.pdf (accessed June 5, 2013).

**Civil No. 11-2271 (GAG)**

answer to the question.  Therefore, the motions to dismiss at Docket Nos. 463 and 465 are **DENIED without prejudice.**

### 2.    The Federal Torts Claims Act

The court refrains from concurrently adjudicating the FTCA matter.  Resolution of the no-duty rule question will determine whether opining on the FTCA issue is necessary or mere surplusage.

**III.    Conclusion**

For the abovementioned reasons, the court **MOOTS in part** and **DENIES without prejudice in part** Defendants' motions to dismiss at Docket Nos. 463 and 465.

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of June, 2013.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge