IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **W HOLDING COMPANY, INC.**, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**CHARTIS INSURANCE COMPANY OF PUERTO RICO**,<br><br>    Defendant;<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION**, as receiver of Westernbank Puerto Rico,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>**FRANK STIPES GARCÍA**, *et al.*,<br><br>    Cross-Claim Defendants,<br><br>**CHARTIS INSURANCE COMPANY OF PUERTO RICO**,<br><br>    Previously-Joined Defendant, and<br><br>**MARLENE CRUZ CABALLERO**, *et al.*,<br><br>    Additional Defendants. | Civil No. 11-2271 (GAG/BJM) |

## **ORDER**

This action involves numerous claims among the FDIC as receiver of Westernbank ("FDIC-R"), former directors and officers of Westernbank (collectively, "D&Os"), various insurers, and the FDIC in its corporate capacity ("FDIC-C"). The main cause of action is a $176 million suit brought by the FDIC as receiver of Westernbank, alleging D&O negligence in the course of making certain loans. (Docket

No. 182, "Compl."). There have also been counterclaims, cross-claims, and third-party claims among the D&Os, FDIC-C, and the insurance companies.

Before the court is Banco Popular de Puerto Rico's ("BPPR") motion to quash a subpoena for a deposition and production of documents filed by the D&Os. Docket No. 602 ("Mot."). The D&Os opposed (Docket No. 630, "Opp."), and BPPR replied (Docket No. 665). The motion was referred to me for disposition. Docket No. 603. For the reasons set forth below, the motion is **GRANTED IN PART**.

## BACKGROUND

FDIC-R seeks to recover damages arising from the D&Os' mismanagement of four commercial real estate loans, ten construction loans, and seven asset-based loans (collectively, the "Loss Loans") during January 28, 2004 through November 19, 2009. Compl. ¶¶ 2–3. In April 2010, the FDIC took over as receiver of Westernbank, and in the process, BPPR acquired 50,000 loan accounts and more than 20,000 credit card accounts, formerly held by Westernbank, from the FDIC. Two of the loans acquired by BPPR are part of the "Loss Loans"—the subject of FDIC-R's claim against former D&Os—a construction loan to Plaza CCD Development Corporation, and an asset-based loan to Intercoffee, Inc.

Based on an earlier subpoena request, BPPR has produced documents in its possession created between January 28, 2004 and November 19, 2009 concerning the Plaza CCD and Intercoffee loans. As a result of this second subpoena (Docket No. 602-6, at 23–25), BPPR has further agreed that it will produce documents in its possession created after November 19, 2009 concerning the same two loans.

## DISCUSSION

BPPR's motion raises two main issues: (1) whether documents relating to Project Themis (an alleged plan by the FDIC to consolidate the Puerto Rico banking industry), and others that belong to the FDIC in its corporate capacity are exempt from disclosure under 12 C.F.R. § 309.6; and (2) whether documents pertaining to former-Westernbank

loans and assets that are not part of the "Loss Loans," are relevant and within the scope of this case.

Rule 45 commands that a court "must" quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the information's value to the serving party. In determining whether a subpoena imposes an "undue burden," the court considers "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). However, courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41–42 (1st Cir. 2003).

Federal banking regulations prohibit individuals from disclosing to the public certain files, reports, or documents belonging to the FDIC in its corporate capacity. 12 C.F.R. § 309.5(g). However, the regulations permit the FDIC, in its discretion, to authorize disclosure of such files or reports in response to a subpoena or a civil court proceeding, but such a request must first be approved by the agency. 12 C.F.R. § 309.6(b)(8). Some courts have held that federal regulations such as Section 309.5 cannot trump discovery obligations under the Federal Rules of Civil Procedure. *See, e.g.*, *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995). Other courts have declined to follow that line of reasoning, and instead hold that litigants should first contact "the agency that holds the privilege and follow[] the agency's procedures for obtaining information," prior to demanding disclosure via subpoena. *In re JPMorgan Chase Mortgage Modification Litig.*, 11-MD-02290-RGS, 2012 WL 5947757 (D. Mass. Nov.

27, 2012). I find the latter approach more persuasive, especially in light of the fact that FDIC-C is a party to this litigation. Insofar as the D&Os seek to obtain documents belonging to the FDIC in its corporate capacity from BPPR, those requests are quashed without prejudice. The D&Os should refrain from requesting such documents from BPPR until they have first exhausted the FDIC's procedures for obtaining that information. Here, because the FDIC-C is a party to this case and directly subject to discovery obligations, it is unnecessarily burdensome for a non-party such as BPPR to produce documents belonging to FDIC-C.

The other dispute pertains to the scope of the loans and assets at issue. BPPR maintains that only two of the loans it acquired from Westernbank (Plaza CCD and Intercoffee) are relevant to the case. Mot. 5. The D&Os argue that other non-Loss Loan assets are relevant because the FDIC seeks to hold the D&Os responsible for losses incurred on those assets, and information on these former-Westerbank assets is relevant to the D&Os' claims and defenses. Opp. 5. The scope of discovery for Rule 45 purposes is informed by Rule 26, which states that discovery extends to matters that are relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Given that courts are to "interpret liberally" the discovery provisions of the Federal Rules "to encourage the free flow of information among litigants," I find that information relating to BPPR's assets and loans formerly held by Westernbank are within the scope of discovery, as it may be relevant to the D&Os' defenses and claims. *Heidelberg Ams., Inc.*, 333 F.3d at 41. However, the court recognizes the burden and expense on BPPR to review and produce all documents relating to assets and loans formerly held by Westernbank. Accordingly, all expenses incurred in the production of documents relating to non-Loss Loan assets are to be borne by the D&Os. Fed. R. Civ. P. 45(c)(2)(B)(ii); *see Sterling Merch. Inc. v. Nestle, S.A.*, Civ. No. 06-1015 (SEC), 2008 WL 1767092 (D.P.R. Apr. 15, 2008) (ordering serving party to cover cost of production incurred by subpoenaed non-party).

In view of the discussion above, I will examine each document request in turn.

Request Nos. 1 ("all documents relating to the facts and allegations in the Complaint") and 2 ("all documents relating to the facts, allegations, defenses, and responses in the Answer and Affirmative Defenses") are generic requests with no specificity. As such, they present an undue burden to non-party BPPR and are stricken.

Request No. 3 ("all documents relating to Project Themis") is limited to responsive documents in BPPR's possession, control, or custody, and to the extent that disclosure is not prohibited under the federal regulations discussed above.

Request No. 4 ("all documents relating to any intentions, plans and communications relating to the closure, seizure, termination, distribution of Property, and receivership of Westernbank or other banks in Puerto Rico, relating to the consolidation of the banking industry in Puerto Rico") encompasses activities relating to the closure of other banks, and refers to the "consolidation of the banking industry" in Puerto Rico, a term that was not defined. The D&Os have failed to explain how other bank closures and the alleged consolidation of the Puerto Rico banking industry relate to the claims and defenses at issue here. But they have offered to narrow the scope of this request to records as it relates to Westernbank. Accordingly, this request is modified to read: "all documents relating to any intentions, plans and communications relating to the closure, seizure, termination, distribution of Property, and receivership of Westernbank."

Request No. 5 ("all documents relating to Banco Popular's plans, intentions and actions to eliminate or reduce competition from Westernbank") is irrelevant to this action, and the D&Os impliedly concede as much. Opp. 7. Accordingly this request is stricken.

Request No. 6 ("all documents relating to Banco Popular's financial performance and the performance of its loans and assets, including, but not limited to, any loans or other assets and liabilities formerly held by Westernbank that Banco Popular held at any time between April 30, 2010 and the present") is overly broad insofar as it seeks information regarding BPPR's overall financial performance unrelated to former-

FDIC, as Receiver of Westernbank Puerto Rico v. Stipes, Civil No. 11-2271 (GAG/BJM)  6

Westernbank assets. Accordingly, the request is modified to read: "all documents relating to the performance of Banco Popular's loans, assets, or liabilities formerly held by Westernbank that Banco Popular held at any time between April 30, 2010 and the present."

Request No. 7 ("all documents relating to any assistance, financial or otherwise, provided by the Federal Government to any Banking Institution, including, but not limited to, Banco Popular") is stricken for irrelevance. The D&Os have failed to proffer any theory as to how assistance provided by the federal government to BPPR or other banking institutions pertains to the case.

Request Nos. 8, 9, 10, 12, 13, and 16 are sustained as is, subject to the requirement that the D&Os bear the production costs associated with non-Loss Loan assets.

Request No. 11 ("all documents relating to any agreements and communications between Banco Popular and the FDIC, OCFI, or the Board of Governors, including, but not limited to, any Purchase and Assumption Agreements, Shared Loss Agreements, and Valuation Appreciation Instruments relating to Westernbank or any Property formerly held by Westernbank") is broadly worded and could be read to encompass communications between BPPR and other institutions that have nothing to do with Westernbank. As such, the request is modified to read: "all documents relating to any agreements and communications between Banco Popular and the FDIC, OCFI, or the Board of Governors regarding any Purchase and Assumption Agreements, Shared Loss Agreements, and Valuation Appreciation Instruments relating to Westernbank or any Property formerly held by Westernbank."

Request Nos. 14 and 15 are sustained as BPPR has agreed to provide documents responsive to these requests.

Request No. 17 and the D&O's request for deposition testimony are sustained. However, the scope of the deposition is limited to the loans and assets that BPPR acquired from the FDIC, as receiver of Westernbank.

## CONCLUSION

For the foregoing reasons, BPPR's motion to quash is **GRANTED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of November, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge