IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **W HOLDING COMPANY, INC.**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**CHARTIS INSURANCE COMPANY OF PUERTO RICO**,<br><br>    Defendant;<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION**, as receiver of Westernbank Puerto Rico,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>**FRANK STIPES GARCÍA**, *et al.*,<br><br>    Cross-Claim Defendants,<br><br>**CHARTIS INSURANCE COMPANY OF PUERTO RICO**,<br><br>    Previously-Joined Defendant, and<br><br>**MARLENE CRUZ CABALLERO**, *et al.*,<br><br>    Additional Defendants. | Civil No. 11-2271 (GAG/BJM) |

## ORDER ON MOTION TO COMPEL

In an amended complaint, the FDIC, acting as receiver of Westernbank ("FDIC-R"), sued former directors and officers of Westernbank (collectively, "D&Os"), alleging the D&Os were negligent in the course of making certain loans. (Docket No. 182, "Compl."). The D&Os filed a third-party complaint against the FDIC in its corporate capacity ("FDIC-C") seeking apportionment and contribution, and claiming the FDIC-C's

FDIC, as Receiver of Westernbank Puerto Rico v. Stipes, Civil No. 11-2271 (GAG/BJM)                 2

conduct is the proximate cause of alleged losses. Docket No. 415 ("TPC"). Before the court is the D&Os' second motion to compel the FDIC to comply with its discovery obligations. Docket No. 608 ("Mot."). FDIC-C and FDIC-R separately opposed (Docket Nos. 624 ("FDIC-C Opp."), 636 ("FDIC-R Opp.")), and the D&Os replied (Docket No. 674). The motion was referred to me for disposition. Docket No. 613. For the reasons set forth below, the motion is **GRANTED IN PART**.

At issue are the D&Os' discovery requests relating to Project Themis, a plan by the FDIC to deal with failing banks in Puerto Rico, including Westernbank, by selling portions of their assets to other healthier banks. The requests for production ask for:

> 77. All documents evidencing or relating to your plan or decision to close Westernbank as part of "Project Themis."
>
> 78. All documents evidencing or relating to "Project Themis."

Docket No. 608-7, at 23. The D&Os argue that these documents are relevant to their affirmative defenses against the FDIC-R, and their third-party claims against the FDIC-C. The FDIC-C contends that the motion to compel is procedurally improper as to them, and the FDIC-R argues that the requests pertain to matters not reasonably calculated to lead to the discovery of admissible evidence.

I will first address the two procedural arguments the FDIC-C raises in its opposition. It claims that the motion to compel is not ripe because the FDIC-C has not been served with any discovery requests, and relatedly that counsel for the D&Os failed to meet and confer with the FDIC-C in accordance with Rule 37. FDIC-C Opp. 6–7. Only the FDIC-R has been formally served with discovery requests. Docket No. 608-7. However, counsel for the D&Os emailed counsel for the FDIC-C on August 6, 2013, asking whether the FDIC-C will produce documents responsive to Project Themis requests. Docket No. 608-9. According to the D&Os, the FDIC-C never responded to that email.

I find that the D&Os' email to FDIC-C in early August was an adequate attempt to confirm whether they would produce documents relating to Project Themis. Docket No. 608-9. Given the FDIC-R's and FDIC-C's instant position on this dispute, any attempt by the D&Os to further meet and confer with the FDIC on this matter most likely would have been fruitless. *See also In re Tyco Int'l, Ltd., Multidistrict Litig.*, MD-02-1335-B, 2004 WL 1179450 (D.N.H. May 25, 2004) (finding motion to compel ripe when movant attempted in good faith to meet and confer and adequately explained why further attempts would prove useless). In the interest of judicial economy, and putting aside formalities, FDIC-C is now clearly on notice of the D&Os' request for Project Themis documents, and thus I will proceed to determine whether the requests are within the scope of discovery.[1]

The D&Os maintain that documents relating to Project Themis are relevant to their defenses and judgment-reduction claim. *See* Mot. 11; TPC 2. The FDIC-R argues that Project Themis documents are irrelevant and their production is unlikely to lead to the discovery of admissible evidence because the FDIC owes no duty to the D&Os, and thus its oversight of and decisions in connection with Project Themis have no effect on the D&Os' liability. FDIC-R Opp. 3.

But as this court has noted previously, the viability of the no-duty rule is a complex question of which there is a split in authority. Docket No. 512, at 5–6 (discussing the unsettled state of the no-duty rule post *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994)). I find the court's approach in *FDIC v. Brudnicki* persuasive and best comports with principles of judicial restraint. 291 F.R.D. 669 (N.D. Fla. 2013). There the court faced a similar situation in which the FDIC raised the no-duty rule in opposing discovery of documents relating to post-receivership administration of the bank's assets.

---

[1] Because I find that the FDIC-C is procedurally subject to the motion to compel, I decline to address the parties' arguments as to 12 U.S.C. § 1821(o), in particular whether the FDIC-R has possession, custody, or control of Project Themis documents, which may or may not constitute "supervisory records" of an insured institution.

*Id.* at 677. In rejecting the FDIC's argument, the court noted that the issue is one of discovery and not whether the documents sought are admissible at trial under the no-duty rule. *Id.* at 678. Like the post-receivership records sought in *Brudnicki*, Project Themis documents themselves may not be admissible at trial; but they may lead to admissible evidence relevant to the D&Os claims and defenses. Moreover, this court's opinion denying the FDIC-C's motion to dismiss clearly contemplates some discovery of documents relevant to the D&Os' affirmative defenses and their third-party claims. *See* Docket No. 512, at 6.

      While some documents relating to Project Themis are within the scope of discovery, at the same time, not all such records are relevant to the D&Os claims and defenses. Project Themis is the FDIC's allegedly comprehensive plan to close failing banks and consolidate the Puerto Rico banking industry; Westernbank is only one of those failed banks. The D&Os have not attempted to explain how the project as a whole is relevant to their claims and defenses. Thus, I find that only those parts of Project Themis that relate to the decisions and actions taken regarding Westernbank are discoverable. Specifically, request 78, which asks for "[a]ll documents evidencing or relating to 'Project Themis'" is overly broad and stricken as encompassing documents not reasonably calculated to lead to the discovery of admissible evidence.

      The D&Os also requested an award of attorney's fees and expenses incurred in filing this motion pursuant to Rule 37(a)(5). I find that the FDIC-C and FDIC-R's oppositions to the D&Os' discovery requests were substantially justified, given the genuine split in authority on the no-duty rule and the overly broad nature of request 78. *See Peterson v. Hantman*, 227 F.R.D. 13, 18 (D.D.C. 2005) ("If there is an absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified."). Therefore, the D&Os' request for fees and expenses is denied.

For the foregoing reasons, the D&Os' motion to compel is **GRANTED IN PART**. Within thirty (30) days, FDIC-C shall produce documents to the D&Os responsive to request 77.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of December, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge