UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W HOLDING COMPANY, INC., FRANK STIPES GARCIA, JUAN C. FRONTERA GARCIA, HÉCTOR DEL RÍO TORRES, WILLIAM VIDAL CARVAJAL, CESAR RUIZ, and PEDRO R. DOMINGUEZ ZAYAS,<br><br>Plaintiffs<br><br>v.<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br><br>Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WESTERNBANK PUERTO RICO,<br><br>Plaintiff Intervenor | CIVIL ACTION NO. 11-02271 (GAG) |

**URGENT MOTION TO COMPEL FDIC'S 30(B)(6) TESTIMONY AND TO REQUEST REIMBURSEMENT OF ATTORNEYS' FEES AND EXPENSES**

**TO THE HONORABLE COURT:**

NOW COMES, Defendant AIG Insurance Company of Puerto Rico ("AIG"), by and through its undersigned attorneys, and respectfully states and prays as follows:

1. On October 23, 2013 a Notice of Video Deposition Duces Tecum to the *Federal Deposit Insurance Corporation as Receiver of Westernbank Puerto Rico* (hereinafter referred to as the

"Notice"), was propounded to the FDIC pursuant to FRCP 30(b)(6). See Notice appended as **Exhibit 1**.

2. Amongst the areas of examination listed in Schedule A of said Notice were the facts and allegations of the Complaint, and the responses in the Answers and Affirmative Defenses to the Complaint (hereinafter referred to as "Schedule A"). See Schedule A appended as **Exhibit 2**.

3. The FDIC designated Ms. Mary D. Potts[1], as its corporate representative to testify on the areas listed in Schedule A of the Notice. See page 12, lines 9-13, of the transcript of the first day of Ms. Potts' deposition, appended as **Exhibit 3**.

4. Notwithstanding the FDIC's designation of Ms. Potts as its 30(b)(6) corporate representative, she was not prepared to testify regarding most of the areas listed in **Exhibit 2**. Moreover, Ms. Potts testified on 200 occasions that she was unprepared, had no knowledge, did not remember or could not answer the questions asked by the defendants Directors and Officers and/or AIG.

---

[1] Ms. Potts' deposition took place at the offices of FDIC's counsel in New Orleans, Louisiana, on January 15, 16 and 17.

5. With respect to the basic and simple questions posed by AIG regarding whether the FDIC is bringing the instant Complaint on behalf of Westernbank, its shareholder, accountholders, depositors, members, directors and officer and/or creditors of Westernbank, as alleged in Paragraph 21 of the Complaint, Ms. Potts testified that she was not prepared to answer. See, generally, pages 427 thru 444 and, specifically, pages 435, lines 12-25, and page 442, lines 7-21 of the transcript of the second day of Ms. Potts' deposition, appended as **Exhibit 4**.

6. The following excerpts illustrate the simple and basic questions posed by AIG to Ms. Potts and the evasive nature of her responses:

> **Q.** Would you agree that there is no allegation in the Second Amended Complaint on behalf of the creditors of Westernbank?
> …
>
> **A.** The word creditor is not per se in this paragraph. Is it implied in another term, I don't know.
>
> See **Exhibit 4**, page 430, line 5-20.
> …
> **Q.** Would you agree with me that the receiver does not have any direct claims on its own behalf under the statute?
> …
> **A.** I am not prepared on the insurance defenses.

See **Exhibit 4**, page 434, lines 11-20.

…

    **Q.** Is it the FDIC's receiver's position that it is bringing the action on behalf of the depositors, former depositors of the Westernbank?

    …

    …

    …

**A.** I am not prepared on the insurance defenses.

See **Exhibit 4**, page 435, lines 14-25.

7.  Again, the Answers and Affirmative Defenses to the Complaint were listed as an area of examination of the 30(b)(6) deposition.

8.  AIG respectfully submits that it is outrageous that after almost three years of expensive litigation the FDIC-R is unprepared to answer the FDIC cannot ascertain on whose behalf the instant case is being prosecuted.

9.  In order to take Ms. Potts' deposition, the parties travelled to New Orleans, incurring in significant costs, expenses and attorneys fees that should be reimbursed by the FDIC. Additionally, the FDIC should be compelled to prepare Ms. Potts to answer the questions related to the areas listed in **Exhibit 2** (which were not previously objected to by the FDIC). Alternatively, the FDIC should be compelled to designate a

corporate representative capable of answering the codefendants' questions related to said areas.

10. FRCP 30(d)(2) provides that the court may impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party-on a person who impedes, delays, or frustrates the fair examination of the deponent.

11. In <u>Mitsui & Co. (U.S.A.), Inc.</u> v. <u>Puerto Rico Water Resources Authority,</u> 93 F.R.D. 62 (1981) United States District Court, D. Puerto Rico, the Court recognized that it is the duty of the corporation to name and produce one or more persons who consent to testify on its behalf as to matters known or reasonably available to the organization. 8 <u>Wright and Miller, Federal Practice and Procedure</u>, Sections 2103 and 2110. Again, AIG respectfully submits that, almost three years into the instant litigation, the FDIC should reasonably know on whose behalf it is bringing the instant case.

12. As with interrogatories, depositions should be answered directly and without evasion, in accordance with the information the deposed party possesses, after due inquiry. 8 <u>Wright and Miller</u>, Section 2177, at 559.

13. A party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought

by another party and to prepare those persons in order that they can answer fully, completely, un-evasively, the questions posed by its opponent as to the relevant subject matters. See <u>Mitsui & Co.</u>, supra.

14. If a corporate party fails to comply with an order requiring it to designate under FRCP 30(b)(6), the sanctions of FRCP 37(b)(2) are available. Furthermore, FRCP 37(d) of the Rules above named provides sanctions for serious disregard of obligations imposed upon a party by the discovery rules even though the party has not violated any court order. FRCP 37(d), dealing with failure to appear for taking of a deposition, applies to a person designated under FRCP 30(b)(6) to testify on behalf of a corporate party. 8 <u>Wright and Miller, Federal Practice and Procedure</u>, Section 2291, at 808. The failure to act described in FRCP 37(d) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by FRCP 26(c). The order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later. 8 <u>Wright and Miller</u>, Federal Practice and Procedure, Section 2035, at 262.

15. In <u>Calzaturficio S.C.A.R.P.A. s.p.a.</u> v. <u>Fabiano Shoe Co., Inc.</u>, 201 F.R.D. 33 (2001), the United States District

Court for the District of Massachusetts, stated that "Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process.... [P]reparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business....[A company] does not fulfill its obligations at the Rule 30(b)(6) deposition by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available". In doing so, it cited United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C., 1996), aff'd 166 F.R.D. 367 (M.D.N.C., 1996). It also cited Starlight Int'l v. Herlihy, 186 F.R.D. 626, 639 (D.Kan., 1999) (citing Taylor, supra, 166 F.R.D. at 363) for the proposition that "[p]roducing an unprepared witness is tantamount to a

failure to appear at a deposition."

16. As stated above, it is basic law that FRCP 30(b)(6) places the burden upon the deponent to "make a conscientious good-faith endeavor to...prepare [it's designee(s)] in order that they can answer fully, completely, un-evasively." Mitsui & Co., *supra*. This duty of preparation "goes beyond matters personally known to that designee or to matters in which that designee was personally involved." U.S. v. Taylor*,* supra. 15.

Taking into account that Ms. Potts was going to testify a third day, AIG requested the FDIC to prepare Ms. Potts to answer its basic questions the next day.  However, the FDIC failed to prepare Ms. Potts and she stood by her original evasive answers. See pages 13 thru 16 of the transcript of the third day of Ms. Potts' deposition, appended as **Exhibit 5, page 517, Lines 7-11.**

17. AIG respectfully submits that this Honorable Court should require the FDIC to re-designate its witnesses and mandate their preparation for re-deposition at the corporation's expense, with the imposition of attorney's fees.

**WHEREFORE,** AIG respectfully request that this Honorable Court take into account all the above and order the FDIC to re-designate its 30(b)(6) corporate representative and/or mandate Ms. Potts preparation for re-deposition at the corporation's expense, with the imposition of attorney's fees.

Case 3:11-cv-02271-GAG-BJM   Document 782   Filed 01/23/14   Page 9 of 9

```
Motion to Compel FDIC's 30(b)(6)
Case No. 11-02271 (GAG)
Page 9 of 9
```

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 23rd day of January, 2014.

s/ *Luis N. Saldaña, Esq.*
Luis N. Saldaña
Bar Number: 208001

s/ *Fernando Sabater Clavell, Esq.*
Fernando Sabater Clavell
Bar Number: 228003

Attorneys for AIG INSURANCE COMPANY OF PUERTO RICO
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
#166 De La Constitución Ave.
San Juan, Puerto Rico 00901
Tel.: (787) 289-9250
Fax:  (787) 289-9253
E-mail: lsaldana@scvrlaw.com
        fsabater@scvrlaw.com

**James K. Thurston, Esq.**
Pro Hac Vice Admitted

**Kimberly E. Rients Blair**
Pro Hac Vice Admitted

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
55 W. Monroe Street, Suite 3800
Chicago, IL. 60603
Tel. 312-821-6125
Fax 312-704-0550
Email: james.thurston@wilsonelser.com