UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W. HOLDING COMPANY, INC., et al.<br>    Plaintiffs<br><br>v.<br><br>CHARTIS INSURANCE COMPANY OF PUERTO RICO,<br>    Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WESTERNBANK PUERTO RICO,<br>    Plaintiff Intervenor<br><br>v.<br><br>FRANK STIPES GARCIA, et al.,<br>    Cross-Claim Defendants<br><br>CHARTIS INSURANCE COMPANY OF PUERTO RICO,<br>    Previously Joined Defendant<br><br>MARLENE CRUZ CABALLERO, AND THE FRONTERA-CRUZ CONJUGAL PARTNERSHIP, et al.,<br>    Additional Defendants. | CIVIL ACTION NO.<br>11-02271 (GAG)<br><br>JURY TRIAL<br>DEMANDED |

**FDIC-R'S MEMORANDUM IN OPPOSITION TO AIG'S URGENT MOTION TO COMPEL FDIC'S 30(b)(6) DEPOSITION TESTIMONY AND TO REQUEST REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES**

**MAY IT PLEASE THE COURT:**

    Federal Deposit Insurance Corporation, as Receiver of Westernbank Puerto Rico ("FDIC-R"), respectfully files this opposition to AIG's Urgent Motion to Compel FDIC's 30(b)(6) Deposition Testimony and to Request Reimbursement of Attorney's Fees and Expenses ("Motion to Compel") [Docket 782]. FDIC-R's corporate witness, Mary Potts, was deposed in this matter on January 15-17, 2014. She provided testimony over three days regarding the Court-approved topics [Docket 749] from the D&Os' Notice of Subpoena. [Docket 707-1.] Ms. Potts was under no obligation to provide testimony on the questions of which AIG complains in its

Motion to Compel, because the D&Os did not include AIG's defenses in the list of topics set forth in their notice of deposition. [*Id*.] The law is clear that a 30(b)(6) witness is only obligated to prepare for the topics listed in the deposition notice.

## **BACKGROUND**

The D&Os served an Amended Notice of Subpoena for Video Deposition Duces Tecum on FDIC-R on or about October 23, 2013. [Docket 701-1] The D&Os were defined in the notice to include certain individual defendants, but did not include AIG or any other carrier.[1] Neither AIG nor any other carrier ever cross-noticed FDIC-R for this deposition or designated any topics for questioning.

The D&Os set forth nineteen topic areas in their deposition notice sent to FDIC-R. This Court's January 2, 2014, ruling on FDIC-R's Motion for a Protective Order to Quash or Alternatively, to Limit the D&Os' Rule 30(b)(6) Deposition Notice [Docket 749], held that only four of the nineteen topics – topics 1, 2, 14 and 15 – were appropriate areas of inquiry at the deposition of FDIC-R's corporate representative. [Docket 749, p. 6.] The four topics were:

1) The facts and allegations in the Complaint.
2) The facts, allegations, defenses, and responses in the Answer and Affirmative Defenses.
14) The FDIC's damages calculation for each Loss Loan.
15) The FDIC's damages mitigation for each Loss Loan.

[Docket 701-1.]

The D&Os' Notice of Subpoena explicitly defined the phrase "Answer and Affirmative Defenses" as follows:

---

[1] For purposes of the notice, the D&Os include Frank C. Stipes Garcia, Juan C. Frontera Garcia, Hector Del Rio Torres, William Vidal Carvajal, Cesar Ruiz, Pedro R. Dominguez Zayas, Ricardo Cortina Cruz, Cornelius Tamboer, and their spouses, conjugal partnerships, and trustees that are parties in this lawsuit.

    C.    "Answer and Affirmative Defenses" shall mean the Answer and Affirmative Defenses filed in this action by and on behalf of Frank C. Stipes Garcia, William Vidal Carvajal, Cesar Ruiz, Hector del Rio, Juan C. Frontera Garcia and Pedro R. Dominguez.

[Docket 707-1, p. 5.] The D&Os' notice did *not* request, and the Court did not order, FDIC-R's corporate witness to address the defenses of any other party, including AIG or any other carrier.

The deposition questions at issue in AIG's motion relate to a defense raised by AIG in this case: that the Insured vs. Insured exclusion in the relevant policies eliminates coverage in this matter. In its Motion [Docket 782], AIG argues that FDIC-R's witness should have been fully prepared to answer questions regarding "whether the FDIC is bringing the instant Complaint on behalf of Westernbank, its shareholder[sic], accountholders, depositors." [Docket 782, pp. 3-4.] AIG represents in its motion that the Answers and Affirmative Defenses "were listed as an area of examination of the 30(b)(6) deposition." [*Id*.] That is incorrect. As noted above, AIG's answers and affirmative defenses, which are separate and distinct from those of the D&Os, were *not* listed as an area of examination in the deposition notice. Ms. Potts therefore was not required to prepare to address the defenses of AIG (or any other carrier) at the FDIC-R corporate deposition. AIG's motion has no merit and should be denied.

## ARGUMENT

**1.**    **The premise of AIG's motion is that FDIC-R was obligated to provide Rule 30(b)(6) testimony about AIG's affirmative defenses.**

AIG's Motion to Compel should be denied summarily because the questions that Ms. Potts was not prepared to answer, all of which relate to one of AIG's affirmative defenses, were not encompassed by any of the topics in the Notice of Deposition. AIG's Insured v. Insured defense would not have been an appropriate area of inquiry even if it had been included in the

defendants' Rule 30(b)(6) notice because the Court already has rejected that defense as a matter of law.

As the Court will recall, the carriers' first procedural move in this case was filing the Insurer Defendants' Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on June 18, 2012 [Doc. 197]. The carriers unsuccessfully argued that the "Insured v. Insured Exclusion in the Chartis [now, AIG] Policy bars coverage by the [carriers] for the FDIC Lawsuit for which both the Plaintiffs and the FDIC are seeking coverage." [*Id.*, pp. 1-2.] The carriers' brief in support of their argument included the following:

> The FDIC, as receiver, assumes all of the rights of a failed bank, including the right to sue on behalf of the failed bank. Here, the FDIC acquired its rights pursuant to 12 U.S.C. § 1821(d)(2)(A). (Ex. 2, FDIC Lawsuit, ¶21.) Specifically, 12 U.S.C. § 1821(d)(2)(A) (i) provides that the FDIC "shall, as conservator or receiver, and by operation of law, succeed to…all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution…"
>
> Here, in the FDIC Amended Lawsuit, the FDIC readily admits that it is asserting the claims "on behalf of or in the right of" Westernbank: "[the FDIC] succeeded to <u>all rights, claims</u>, titles, powers, privileges, and assets of Westernbank, <u>including the right to bring this action against its former officers and directors</u> …". (Ex. 2, FDIC Amended Lawsuit, ¶21 (emphasis added)). Indeed, even this Court has previously stated: "the FDIC succeeded to all the rights and assets of Westernbank, including <u>Westernbank's ***rights and claims*** against the Individual Plaintiffs as former directors and officers</u>…". *W. Holding Co., Inc. v. Chartis Ins. Co.-Puerto Rico*, 2012 U.S. Dist. Lexis 2315, \*13 (D.P.R. 2012). (Emphasis added.)

[*Id.*, pp. 14-15]

The Court addressed this Insured v. Insured issue in depth in its Order denying the carriers' motion to dismiss. [Docket 304, pp. 16-19.] The Court held that the Insured v. Insured Exclusion "does not preclude the FDIC from seeking redress from the Insurers." [*Id.*, p. 18.] The Court further ruled that the FDIC "is suing on behalf of depositors, account holders, and a

depleted insurance fund . . . The FDIC's role as a regulator sufficiently distinguishes it from those whom the parties intended to prevent from bringing claims under the [Insured v. Insured] Exclusion." [*Id.*, p. 19.] FDIC-R's standing to sue therefore was established by the Court as a matter of law.[2]

AIG's questions directed at Ms. Potts were an attempt to elicit testimony regarding these same legal issues, even though the Court rejected the Insured v. Insured argument as a matter of law. [*See* Docket 304.] A review of the deposition transcript shows that the questions that Ms. Potts was unprepared to answer relate entirely to AIG's defenses, and do not relate to FDIC's case in chief. A few examples of AIG's questions follow:

> **Q   So you would agree with me that the receiver cannot and is not asserting any claims on behalf of the creditors of Westernbank, isn't that correct?**
>
> Trans. at p. 428
>
> **Q   And would you agree with me, Ms. Potts, that succeeding to the right to bring a claim is different than actually bringing a claim? Would you agree with that statement?**
>
> Trans. at p. 431
>
> **Q   So the question is: Is the FDIC as receiver bringing claims on behalf of Westernbank?**
>
> Trans. at p. 433-434
>
> **Q   Would you agree with me that the receiver does not have any direct claims on its own behalf under the statute?**
>
> Trans. at p. 434.
>
> **Q   And are there any -- to the FDIC receiver's knowledge are there any members -- were there any members of Westernbank as defined by Section 1821, and as listed in paragraph 21 of the complaint?**
>
> Trans. at p. 435

---

[2]   AIG's arguments are reiterated in its Answer to [FDIC-R's] Second Amended and Restated Complaint in Intervention. [Docket 323.] For example, Chartis/AIG included as its "Affirmative Defense No. 2" that "the Insured v. Insured Exclusion in the 2006-07 or, alternatively, in the 2009-10 Policy bars coverage sought by the FDIC in the Intervening Complaint." [*Id.*, p. 45.]

> Q      Is it the FDIC receiver's position that it is bringing this action on behalf of the depositors, the former depositors of Westernbank?
>
> Trans. at p. 435
>
> Q      Well, Ms. Potts, can we at least agree that the FDIC as receiver is not bringing claims on behalf of any of the directors and officers, against the directors and officers? Can we at least agree with that?
>
> Trans. at p. 438

[Docket 782-4.]

Counsel for FDIC-R objected to this line of questioning because the topics were outside the scope of the deposition notice, and also because the topics at issue have already been fully briefed and many of the questions involved questions of law. [*See, e.g.,* Docket 782-4, pp. 427-445.] Counsel for the D&Os, as well as counsel for defendants Tamboer, Cortina, and Fuentes, also objected to AIG's line of questioning. [*Id.*]

The questions that AIG asked Ms. Potts track the same arguments the carriers made in their unsuccessful Motion to Dismiss: that FDIC-R stands in the shoes of Westernbank and is not bringing claims on behalf of others. To contend that the questions relate to FDIC-R's complaint, rather than AIG's Insured v. Insured defense, is incorrect. AIG knows better and is simply wasting the parties' and the Court's time on issues of law which the Court has already decided against AIG.

**2.     FDIC-R was not required to provide or be prepared to provide testimony on topics not covered in the Notice of Deposition.**

AIG's motion is procedurally defective because the topics addressed in AIG's Motion were *not included* in any Notice of Deposition served on FDIC-R. As discussed above, the *only* notice served on FDIC-R related to its 30(b)(6) corporate deposition did not include any topics specific to AIG or any other carrier. [Docket 707-1.] Further, in its Order related to this notice, the Court did not order FDIC-R to provide testimony on any topics specific to AIG or any other

carrier.  [Docket 749.]  FDIC-R was not obligated to prepare on any topic not listed in the relevant notice and approved by the Court.

Rule 30(b)(6) requires FDIC-R to designate a person(s) to testify on its behalf regarding information known or reasonably known to FDIC-R, and requires FDIC-R to seek to educate the witness on this information.  "But there is one important limitation on this obligation: it extends only so far as the party issuing the deposition notice has honored its own obligation to 'describe with reasonable particularity the matters for examination.'"  *Philbrick v. eNom, Inc.*, 593 F. Supp. 2d 352, 363 (D.N.H. 2009).  Neither the D&Os, who issued the notice to FDIC-R, or AIG, who failed to cross-notice FDIC-R, described with any particularity the Answers and Affirmative Defenses of AIG or any other carrier as a matter for examination.

Ms. Potts was not obligated to answer questions relating to or have knowledge of the AIG-specific issues complained about in AIG's Motion to Compel.  If she did not "know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's [AIG's] problem."  *Id.* (quoting *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)); *see also, e.g., Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.*, 2008 U.S. Dist. LEXIS 10663, *5-7 (M.D. Fla. Feb. 13, 2008) (finding that a party who did not cross-notice and did not add to the areas of inquiry in the relevant deposition notice was "out of luck" with regard to topics not included in the notice).  If AIG wanted FDIC-R to provide testimony regarding AIG's answers and defenses, it should have provided notice of those topics.  It neglected to do that.  But instead of taking responsibility for the "problem" caused by its own inattention, AIG had the temerity to file a motion accusing FDIC-R of discovery misconduct and requesting the imposition of sanctions.  AIG's motion is motion is baseless and should be denied.

## **CONCLUSION**

  FDIC-R's corporate witness, Mary Potts, was not obligated to provide testimony on the questions of which AIG complains in its Motion to Compel, because FDIC-R was never served a Notice of Subpoena which included the topics at issue. AIG's motion and request for attorney's fees should be denied because the law is clear that Ms. Potts was only obligated to prepare for the topics listed in the deposition notice sent by the D&Os and approved by the Court.

              Respectfully submitted this 28 day of January, 2014:

              **LISKOW & LEWIS, PLC**
              One Shell Square
              701 Poydras Street, Suite 5000
              New Orleans, Louisiana 70139
              Telephone: (504) 581-7979
              Facsimile: (504) 556-4108
              By: /s/ James A. Brown
              JAMES A. BROWN
              Louisiana Bar No. 14101 (*pro hac vice*)
              E-mail: jabrown@liskow.com
              GEORGE DENEGRE JR.
              Louisiana Bar No. 8387 (*pro hac vice*)
              E-mail: gdenegre@liskow.com

              And

              **TORO, COLON, MULLET, RIVERA & SIFRE, PSC**
              Post Office Box 195383
              San Juan, Puerto Rico 00919-5383
              Telephone: (787) 751-8999
              Facsimile: (787) 763-7760
              MANUEL FERNÃNDEZ-BARED
              Attorney No. 8801
              E-mail: mfb@tcmrslaw.com
              JANE PATRICIA VAN KIRK
              Attorney No. 14439
              E-mail: jvankirk@tcmrslaw.com

              **Attorneys for Federal Deposit Insurance Corporation as Receiver of Westernbank Puerto Rico**

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to L. Cv. R. 5.1 (b) (2) that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties through their counsel of record in the captioned case.

In San Juan, Puerto Rico, this 28 day of January, 2014.

                                    /s/ James A. Brown