UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W HOLDING COMPANY, INC., FRANK STIPES GARCIA, JUAN C. FRONTERA GARCIA, HÉCTOR DEL RÍO TORRES, WILLIAM VIDAL CARVAJAL, CESAR RUIZ, and PEDRO R. DOMINGUEZ ZAYAS,<br><br>Plaintiffs<br><br>v.<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br><br>Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WESTERNBANK PUERTO RICO,<br><br>Plaintiff Intervenor | CIVIL ACTION NO. 11-02271 (GAG) |

**REPLY TO FDIC-R'S MEMORANDUM IN OPPOSITION TO AIG'S URGENT MOTION TO COMPEL FDIC'S 30(B)(6) TESTIMONY AND TO REQUEST REIMBURSEMENT OF ATTORNEYS' FEES AND EXPENSES**

**TO THE HONORABLE COURT:**

NOW COMES, Defendant AIG Insurance Company of Puerto Rico ("AIG"), by and through its undersigned attorneys, and respectfully states and prays as follows:

1. On January 23, 2014, AIG filed an *Urgent Motion To Compel FDIC's 30(B)(6) Testimony and to Request Reimbursement of Attorneys' Fees and Expenses* ("Motion to Compel"). See, Docket 782.

2. On January 28, 2014, Plaintiffs filed *FDIC-R's Memorandum in Opposition to AIG's Urgent Motion To Compel FDIC's 30(B)(6) Testimony and to Request Reimbursement of Attorneys' Fees and Expenses* ("Opposition"). See, Docket 792.

3. On January 28, 2014, AIG filed a Motion for Leave to File Reply to FDIC-R's Memorandum in Opposition to AIG's Urgent Motion to Compel, FDIC's 30(b)(6) Testimony and Request Reimbursement of Attorneys' Fees and Expenses and Request for Extension of Time. See, Docket 795. Said motion was granted on January 29, 2014. See, Docket 796.

4. In support of its Opposition the FDIC-R raises the following misguided arguments: (1) FDIC-R was not obligated to provide Rule 30(b)(6) testimony about AIG's affirmative defenses; and (2) The FDIC-R was not required to provide or be prepared to provide testimony on topics not covered in the Notice of Deposition.

5. Paragraph 21 of FDIC's *Second Amended and Restated Complaint Intervention* (the "Complaint") reads: "FDIC is a corporation organized and existing under the laws of the United States of America with its principal place of business in Washington, D.C. 12 U.S.C. § 1811, *et. seq.* FDIC is an instrumentality of the United States of America and is charged with, among other things, the orderly liquidation of failed banks. 12 U.S.C. § 1821(d). The OCFI appointed FDIC as Receiver

of Westernbank on April 30, 2010, pursuant to 12 U.S.C. § 1821(c). On that date, pursuant to 12 U.S.C. § 1821(d)(2)(A) and § 1823(d)(3)(A), **the Receiver succeeded to all rights, claims, titles, powers, privileges, and assets of Westernbank and its stockholders, members, account holders, depositors, officers, or directors of Westernbank with respect to the institution and the assets of the institution, including the right to bring this action against the former officers and directors of Westernbank**". (Emphasis supplied) See, Docket 182.

    6.    As the Court may appreciate, the questions posed by AIG were related to FDIC-R's allegations contained in Paragraph 21 of the Complaint. The FDIC-R concedes in its Opposition that the first topic held to be an appropriate area of Rule 30(b)(6) examination were the facts and allegations in the Complaint. See, Docket 792. Of course, the facts and allegations pled in Paragraph 21 of the Complaint may have legal effects on the insurance coverage. In fact, in rejecting AIG's Motion to Dismiss *Insured v. Insured* argument, this Court even stated that "the court is mollified that the case is being brought on behalf of creditors and depositors." However, this does not change the inescapable reality that all AIG's questions dealt with Paragraph 21 of the Complaint, an area covered by the 30(b)(6) Notice. Therefore, Ms. Potts should have been prepared to answer AIG's questions related to FDIC-R's Allegations contained in Paragraph 21 of the

Complaint. AIG and this Honorable Court are entitled to confirm the assertion made by the FDIC in its Opposition to Motion to Dismiss as to who is/are the real plaintiff(s) in this case.

7. The cases cited by the FDIC-R are inapposite and completely distinguishable from the issues before the Court. For example, *King* v. *Pratt & Whitney*, 161 F.R.D. 475 (2000) pertained to whether a 30(b)(6) deponent may only be questioned regarding issues described in the notice or may be questioned as broadly as any other deponent.

8. As shown above, AIG's inquiries related to the allegations of the Complaint. The FDIC-R has not cited a single authority requiring a party to cross-notice for a 30 (b)(6) deposition to be entitled to answers to questions that are encompassed within the areas of examination.

9. Furthermore, FDIC-R's position ignores that it brought its claims against AIG (formerly "Chartis") under Puerto Rico's direct action statute. See, Docket 182, at Paragraph 28. Thus, AIG was entitled to hear a straight answer from Ms. Potts on the 200 occasions in which she answered "I don't know, I am not prepared or I do not remember", irrespective of whether AIG cross-noticed for a 30 (b)(6) deposition.

**WHEREFORE**, AIG respectfully request that this Honorable Court take into account all the above and order the FDIC to re-designate its 30(b)(6) corporate representative and/or mandate

4

Ms. Potts preparation for re-deposition at the corporation's expense, with the imposition of attorney's fees.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 3rd day of February, 2014.

s/ *Luis N. Saldaña, Esq.*
Luis N. Saldaña
Bar Number: 208001

s/ *Fernando Sabater Clavell, Esq.*
Fernando Sabater Clavell
Bar Number: 228003

Attorneys for AIG INSURANCE COMPANY OF PUERTO RICO
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
#166 De La Constitución Ave.
San Juan, Puerto Rico 00901
Tel.: (787) 289-9250
Fax: (787) 289-9253
E-mail: lsaldana@scvrlaw.com
         fsabater@scvrlaw.com

**James K. Thurston, Esq.**
Pro Hac Vice Admitted

**Kimberly E. Rients Blair**
Pro Hac Vice Admitted

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
55 W. Monroe Street, Suite 3800
Chicago, IL. 60603
Tel. 312-821-6125
Fax 312-704-0550
Email: james.thurston@wilsonelser.com