UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WESTERNBANK PUERTO RICO,<br><br>  plaintiff intervenor,<br><br>v.<br><br>FRANK STIPES GARCIA, et al., | CIVIL ACTION NO. 11-02271 (GAG)<br><br>RE: DECLARATORY JUDGMENT |

### THE D&OS'[1] RESPONSE TO THE COURT'S ORDER REGARDING THE FDIC-C'S[2] RENEWED MOTION FOR SUMMARY JUDGMENT ON LEGAL SUFFICIENCY OF THE THIRD PARTY COMPLAINT

Today, the Court ordered the D&Os to inform it of the date "by when they believe they can submit their best possible opposition to the FDIC-C's motion." D.E. 934. Although the Court's order noted that the D&Os ordinarily would have until April 30th to file their opposition to the FDIC-C's Renewed Motion For Summary Judgment on [the] Legal Sufficiency of [the D&Os'] Third Party Complaint (the "Motion"), the order also stated that the Court "would like to resolve this issue as soon as possible." *Id*.

The D&Os share the Court's interest in a prompt resolution to the FDIC-C's *third* challenge to the legal sufficiency of the third-party complaint. We note that nothing in the law has changed since the first two challenges were rightly rejected. The hornbook teaches that the United States waives its immunity to judgment-reduction claims when it hales private citizens into court and sues them for damages. Even if the FDIC were the United States (which it is not), it would not be allowed to avoid judgment reduction for

---

[1] The "D&Os" refer to Frank C. Stipes García, Juan C. Frontera García, Héctor Del Río Torres, William Vidal Carvajal, César Ruiz, and Pedro R. Domínguez Zayas.

[2] The "FDIC" refers to the Federal Deposit Insurance Corporation. The "FDIC-R" is the plaintiff intervenor in this case, and the "FDIC-C" is the third-party defendant joined by the D&Os.

its own acts that caused some or all of its claimed damages, whether that conduct occurred before, after, inside or outside its receivership. We have demonstrated this twice. We will do so again.

Moreover, discovery into the FDIC's "Project Themis" and its forced "consolidation" of Puerto Rico's banking industry is demonstrating that the FDIC-C's conduct played a critical role in causing some or all of the receiver's alleged damages. We note that the third-party complaint was necessitated by the FDIC's resort to the legal fiction of two identities. That legal fiction cannot be used as an escape hatch for avoiding *every plaintiff's duty* to not cause, as well as to mitigate, its alleged damages. In discovery, the FDIC-R has admitted that every dollar it might recover from this case will go to the FDIC-C, the ultimate (and only) beneficiary of the receiver's lawsuit.[3] The FDIC-C is the real party in interest in the receiver's case. Like any other real party in interest, it must answer for the consequences of its own conduct.

It will be important for the jury to learn that this case was not the result of the D&Os' purported "gross negligence" in approving a handful of loans, but the FDIC-C's aggressive execution of an "opportunity of a lifetime" to "transform" and "rightsize" Puerto Rico's banking industry by (1) shutting down the island's community bank (and two others), and (2) "purging" the island's banking industry of billions of dollars in brokered deposits that Westernbank—and all other Puerto Rico banks—had used to grow Puerto Rico's economy. It will be important for the jury to see the ugly face of the FDIC's command-economy project to transform the island's banking industry, which snarled that "the locals don't matter," when it came to examining Westernbank in 2008,

---

[3] *See* D.E. 866-2 at 12 ("The FDIC in its corporate capacity is likely the only creditor that may recover any damages resulting from the FDIC-R's Second Amended Complaint.").

2

and setting it up to "fail" in 2010. These are facts that fairness and justice require the D&Os to present, and the jury to hear, in support of the D&Os' third-party complaint.

On April 1st, the D&Os simultaneously were in New York and Washington for a week's worth of ongoing FDIC depositions, when the FDIC-R, the FDIC-C, and the insurers filed a total of 135 pages of summary judgment papers. The Court's scheduling order would make all of the D&Os' responses due on April 30th, and it would be difficult to impossible for the D&Os to prepare an adequate response to the Motion before that date. Wrapping up discovery is a major task, and much of that discovery will be relevant to the FDIC-C's Motion. Moreover, some of that discovery was postponed because the FDIC-C asked for postponements, while some non-parties asked for more time to produce documents. To illustrate, last week the D&Os took the depositions of the FDIC-C's James Watkins (on April 1st and 2nd), Gleny Fryczynski (on April 2nd), Ronald Poratta (on April 2nd), Penny Gettman (on April 1st and 3rd), and Gregory Wyka (on April 3rd and 4th), while the deposition of Pamela Farwig was re-set for April 23rd and 24th.

Similarly, the OCFI's 30(b)(6) deposition is incomplete, as is the deposition of Alfredo Padilla, its former commissioner, in his personal capacity. Banco Popular's 30(b)(6) deposition will be taken in May, before which the D&Os will be tasked with reviewing a substantial number of as-yet unproduced documents. Finally (at least for the moment), we must address the OCFI's two, recently filed, discovery motions.

For all the foregoing reasons, the D&Os respectfully submit that April 30th is the earliest date by which we can submit a thoroughgoing response to the FDIC-C's Motion, one that will be useful to the Court in resolving that motion. We respectfully request that

3

the Court allow us the time provided for by the scheduling order to take, evaluate and use our ongoing discovery of the FDIC-C, and submit our best response to its third challenge to the legal sufficiency of the third-party complaint, on or before April 30th.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on April 8, 2014.

RIVERO MESTRE LLP
*Attorneys for Frank C. Stipes, Juan C. Frontera-Garcia, Hector del Rio, William Vidal-Carvajal, Cesar Ruiz, Pedro R. Dominguez*
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
   paguila@riveromestre.com
   cwhorton@riveromestre.com


By:   s/ Andrés Rivero
   ANDRÉS RIVERO (PHV)
   Florida Bar No. 613819
   ALAN H. ROLNICK (PHV)
   Florida Bar No. 715085
   CHARLES E. WHORTON (PHV)
   Florida Bar No. 46894
   M. PAULA AGUILA (PHV)
   Florida Bar No. 43135

RAUL GONZALEZ TORO
LAW OFFICES, L.L.C.
*Attorneys for Frank C. Stipes, Juan C. Frontera-Garcia, Hector del Rio, William Vidal-Carvajal, Cesar Ruiz, Pedro R. Dominguez*
Banco Popular Center Bldg.
208 Ponce de León Ave., Suite 1028
San Juan, PR 00918

PO Box 270343
San Juan, PR 00927-0343
Telephone: (787) 753-6090
Fax: (787) 294-5759
Email: rgtlaw@ymail.com
   rgonzaleztoro@yahoo.com


By:   s/ Raúl González-Toro
   RAUL GONZALEZ TORO
   USDCPR No. 213305

## CERTIFICATE OF SERVICE

I CERTIFY that on April 8, 2014, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

   s/Andrés Rivero
   ANDRÉS RIVERO

\1475.05\PLEAD\INF MOT RESP FDIC-C MSJ.doc

4