UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W. HOLDING COMPANY, INC., et al.<br>    Plaintiffs<br><br>v.<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br>    Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WESTERNBANK PUERTO RICO,<br>    Plaintiff Intervenor<br><br>v.<br><br>FRANK STIPES GARCIA, et al.,<br>    Cross-Claim Defendants<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br>    Previously Joined Defendant<br><br>MARLENE CRUZ CABALLERO, AND THE FRONTERA-CRUZ CONJUGAL PARTNERSHIP, et al.,<br>    Additional Defendants. | CIVIL ACTION NO.<br>11-02271 (GAG)<br><br>JURY TRIAL<br>DEMANDED |

### FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WESTERNBANK PUERTO RICO'S OPPOSITION TO THE BIAGGI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Federal Deposit Insurance Corporation as Receiver for Westernbank Puerto Rico ("FDIC-R") submits this opposition to the Motion for Summary Judgment (the "Motion") filed by Jose M. Biaggi Landron and Conjugal Partnership Biaggi-Doe (collectively, "Biaggi") [Doc. 893]. Biaggi's motion has no merit because he has failed to take into account the effect of 12 U.S.C. §1821(d)(14) which provides that the statute of limitations on claims is extended for three years after the date of the appointment of FDIC as Receiver. Even accepting as true Biaggi's

assertion that prescription on FDIC-R's claims against him began to accrue on June 10, 2008, FDIC-R's claims were timely filed.

### 1. Even Accepting Biaggi's Factual Premise as True, FDIC-R's Suit was Timely Filed

Biaggi's argument is simple, but wrong. He first states that "the world was on notice [of FDIC-R's claims] by no later than the filing of the *Wylie* Amended Complaint on June 10, 2008 . . ." Mem. at 2. From this, he asserts that "FDIC-R's three year statute of limitation[1] expired on June 10, 2011, rendering [this] action time-barred."[2] *Id.* Biaggi's motion, however, must fail because FIRREA provides a three year period for the FDIC-R to bring claims after it takes over as receiver of a failed institution. 12 U.S.C. §1821(d)(14). This has been acknowledged by the defense and cannot be subject to reasonable dispute. *See, e.g.,* Doc. 198 at 24 ("FIRREA provides a three-year federal repose period for the FDIC to bring claims after it takes over as receiver. 12 U.S.C. §1821(d)(14)"); *FDIC v. Zibolis*, 856 F. Supp. 57, 59 (D.N.H. 1994) (noting that FIRREA "provides the statute of limitation for actions brought by the FDIC in its capacity as receiver . . . [t]he limitations period for tort claims is the longer of three-year period beginning on the date the claim accrues or the period applicable under state law").

Westernbank was closed on April 30, 2010. (Doc. 182 at ¶1). Since Biaggi contends that the three year statute of limitations expired on June 10, 2011, he necessarily concedes that the three-year prescriptive period had not expired on April 30, 2010, when the Bank failed. Under

---

[1] This Court has held that 32 L.P.R.A. § 261 provides the applicable three-year prescriptive period for claims against the director defendants. Order, Doc. 304, at p. 12.

[2] Inexplicably, Biaggi asserts that this action was filed on January 20, 2012, when the Notice of Removal was filed on December 30, 2011 [Doc. 1]. This discrepancy has no bearing on FDIC-R's analysis. The action would have been timely filed on January 20, 2012.

§1821(d)(14), FDIC-R had until April 30, 2013, to file suit. Accordingly, the December 30, 2011, filing of this suit was timely and it is not time barred.[3]

### 2. FDIC-R does not Need to Rely on Equitable Tolling to Preserve its Claims against Biaggi

Biaggi's arguments regarding alleged prior public notice of FDIC-R's claims and adverse domination/equitable tolling are irrelevant. As shown above, the suit against Biaggi was timely filed and there is, therefore, no need to apply equitable tolling principles. To the extent that briefing on those issues is required, FDIC-R incorporates by reference its prior briefing. *See* FDIC-R's Combined Opposition to Motions to Dismiss Filed by the D&O Defendants, Their Spouses, and Conjugal Partners (Doc. 233 at 40-48); FDIC's Opposition to the Motion to Dismiss Filed by Ricardo Cortina Cruz, Elizabeth Aldebol de Cortina, and the Cortina-Aldebol Conjugal Partnership (Doc. 300 at 8-10); FDIC-R's Opposition to the Officer Defendants' Motion for Judgment on the Pleadings (Doc 600 at 15-25); and FDIC-R's Surreply in Opposition to the Officer Defendants' Motion for Judgment on the Pleadings (Doc. 657-1 at 4-7).

For the foregoing reasons, Biaggi's Motion for Partial Summary Judgment should be denied.

Respectfully submitted this 30th day of April, 2014:

**LISKOW & LEWIS, PLC**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
By: /s/ George Denegre, Jr.
GEORGE DENEGRE JR.
Louisiana Bar No. 8387 (*pro hac vice*)
E-mail: gdenegre@liskow.com

---

[3] FDIC-R disputes that the *Wylie* case put any plaintiff on notice of any claims that have been asserted against Biaggi.

JAMES A. BROWN
Louisiana Bar No. 14101 (*pro hac vice*)
E-mail: jabrown@liskow.com
CAREY L. MENASCO
Louisiana Bar No. 28131 (*pro hac vice*)
E-mail: clmenasco@liskow.com

and

**TORO, COLON, MULLET, RIVERA & SIFRE, PSC**

Post Office Box 195383
San Juan, Puerto Rico 00919-5383
Telephone: (787) 751-8999
Facsimile: (787) 763-7760

MANUEL FERNÁNDEZ-BARED
Attorney No. 8801
E-mail: mfb@tcmrslaw.com
JANE PATRICIA VAN KIRK
Attorney No. 14439
E-mail: jvankirk@tcmrslaw.com

**Attorneys for Federal Deposit Insurance Corporation as Receiver for Westernbank Puerto Rico**

## CERTIFICATE OF SERVICE

I hereby certify pursuant to L. Cv. R. 5.1 (b) (2) that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties through their counsel of record in the captioned case.

In San Juan, Puerto Rico, this 30th day of April, 2014.

/s/ George Denegre, Jr.