UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W. HOLDING COMPANY, INC., et al.<br>      Plaintiffs<br><br>v.<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br>      Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS<br>RECEIVER FOR WESTERNBANK PUERTO RICO,<br>      Plaintiff Intervenor<br><br>v.<br><br>FRANK STIPES GARCIA, et al.,<br>      Cross-Claim Defendants<br><br>AIG INSURANCE COMPANY OF PUERTO RICO,<br>      Previously Joined Defendant<br><br>MARLENE CRUZ CABALLERO,  AND THE FRONTERA-<br>CRUZ CONJUGAL PARTNERSHIP, et al.,<br>      Additional Defendants. | CIVIL ACTION NO.<br>11-02271 (GAG)<br><br>JURY TRIAL<br>DEMANDED |

**FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR WESTERNBANK PUERTO RICO'S
MEMORANDUM IN RESPONSE TO THE COURT'S APRIL 28, 2014 ORDER**

Federal Deposit Insurance Corporation as Receiver for Westernbank Puerto Rico ("FDIC-R") submits this memorandum in accordance with the Court's April 28, 2014 Order, asking the parties to "inform the court of any and all events which would have triggered the running of the limitations for the alleged tortious conduct period before April 30, 2007" [Doc. 982]. As shown below, there was no potential triggering event before June 25, 2007.[1]

---
[1] FDIC-R maintains that the prescriptive periods did not begin to run before the Bank was closed because the defendant directors maintained control of the Bank.

## I. DISCUSSION

In their Motion to Dismiss the Federal Deposit Insurance Corporation's Second Amended and Restated Complaint in Intervention, the D&Os asserted that prescription runs from the date that the loans were made. [Doc. 198 at 25-26]. FDIC-R opposed this position on a number of grounds. [Doc. 232 at 30-47]. The Court rejected the D&Os' argument and held that the prescriptive periods were tolled due to the domination of the Bank by the defendant directors under principles shared by adverse domination and Puerto Rico's delayed discovery rules. [Doc. 304 at 14; *W Holding Co. v. Chartis Ins. Co.*, No. 11-2271, 2012 U.S. Dist. LEXIS 177496, at *8 (D.P.R. Dec. 12, 2012)]. Since then, the directors and officers have filed numerous briefs asserting that the "world" was on notice of the claims raised herein by FDIC-R years before FDIC-R filed this suit.

At no point in all of their prior briefing on statute of limitations issues, however, have the D&Os identified any potential triggering event earlier than June 25, 2007, the date on which the Bank's holding company filed a Form 8-K identifying a collateral deficiency of at least $80 million at Westernbank. *See* D&Os' Motion to Dismiss [Doc. 198 at 30]; William Vidal's Motion for Judgment on the Pleadings [Doc. 556 at 4, 21]; and Motion for Partial Summary Judgment filed by Julia Fuentes del Collado [Doc. 914 at 3], joined by Miguel A. Vazquez-Seijo, Conjugal Partnership Vazquez-McDowell, Sharon McDowell Nixon [Doc. 924 at 3]. Some filings have identified even later potential triggering events. *See* D&Os' Motion for Reconsideration [Doc. 343 at 6] (September 21, 2007, *Hildenbrand* complaint) and Biaggi Defendants' Motion for Summary Judgment [Doc. 894 at 7] (July 6, 2007, *Kachkar* complaint).

As a matter of fact, there could have been no triggering event earlier than May 9, 2007. According to the D&Os, the Bank's Board of Directors first learned of the Inyx problem on May

9, 2007 [Doc. 556 at 4].[2]  The June 25, 2007, Form 8-K was the first public disclosure of the problem.  *Id*.  This is consistent with this Court's Opinion in *Wylie*, which includes the following statement:

> This information [regarding problems at the Bank] <u>came to light</u> on June 26, 2007, when W Holding announced that a large asset-based loan was impaired due to an $80 million collateral deficiency.  While not disclosed initially, it was later discovered that W Holding was referring to loans made to Inyx.

*Wylie v. Stipes*, 797 F. Supp. 2d 193, 195 (D.P.R. 2011) (emphasis added).

All of the potential triggering events identified by the defense relate to the Inyx loan. There never were any public disclosures or lawsuits related to the seven other non-Inyx loans. FDIC-R reiterates that public filings and suits related to the Inyx loan did not and could not constitute notice of the gross negligence of the director and officer defendants in connection with the other seven loans at issue.  Those other loans are entirely distinct from the Inyx loan and were simply not at issue until FDIC-R filed this suit.  In particular, those other seven loans were not described, discussed or identified in the March 19, 2009, Amended 10-K.  With respect to these loans, no one had notice before Westernbank failed of either an injury or the person who caused it.  *See Santiago Hodge v. Parke*, 909 F.2d 628, 633 (1st Cir. 1990) (applying Puerto Rico law).  On this point, *see* FDIC-R's Opposition to the Officer Defendants' Motion for Judgment on the Pleadings [Doc. 600 at pgs. 21-25] and FDIC-R's Surreply in Opposition to the Officer Defendants' Motion for Judgment on the Pleadings [Doc. 657-1 at pgs. 4-7].

---

[2] The D&Os explained the May 9, 2007, discovery of the Inyx problem in a filing made in the *Hildenbrand* case:

> On May 9, 2007, after conducting a routine audit of the Inyx Loans, José López, an internal loan review officer, notified the Directors of potential issues with the [Inyx] loans' collateral.

*Hildenbrand v. W Holding Co.*, 3:07-cv-01886 (D.P.R.) [Doc. 371-1 at 30].

## II.     CONCLUSION

The earliest possible triggering event was the June 25, 2007, Form 8-K filing by W Holding Co. This alleged triggering event related only to the Inyx loan and not to any of the seven non-Inyx loans at issue.

Respectfully submitted this 2nd day of May, 2014:
**LISKOW & LEWIS, PLC**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:     (504) 581-7979
Facsimile:      (504) 556-4108

By:     /s/ George Denegre, Jr.
GEORGE DENEGRE JR.
Louisiana Bar No. 8387 (*pro hac vice*)
E-mail: gdenegre@liskow.com
JAMES A. BROWN
Louisiana Bar No. 14101 (*pro hac vice*)
E-mail: jabrown@liskow.com
CAREY L. MENASCO
Louisiana Bar No. 28131 (*pro hac vice*)
E-mail: clmenasco@liskow.com

and

**TORO, COLON, MULLET, RIVERA& SIFRE, PSC**
Post Office Box 195383
San Juan, Puerto Rico  00919-5383
Telephone:     (787) 751-8999
Facsimile:      (787) 763-7760
MANUEL FERNÃNDEZ-BARED
Attorney No. 8801
E-mail: mfb@tcmrslaw.com
JANE PATRICIA VAN KIRK
Attorney No. 14439
E-mail: jvankirk@tcmrslaw.com

**Attorneys for Federal Deposit Insurance Corporation as Receiver of Westernbank Puerto Rico**

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to L. Cv. R. 5.1 (b) (2) that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties through their counsel of record in the captioned case.

In San Juan, Puerto Rico, this 2nd day of May, 2014.

       /s/ George Denegre, Jr.