IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| W HOLDING CO., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIG INSUR. CO., et al.,<br><br>Defendants. | Civil No. 11-2271 (GAG) |

### MEMORANDUM OPINION

Westernbank's directors and officers ("D&Os")[1] lodged a third-party complaint against the FDIC in its corporate capacity ("FDIC-C") and the United States ("U.S.") under the Federal Torts Claims Act ("FTCA") and Puerto Rico's general tort statute, Article 1802, pursuant to the FDIC's "sue-and-be-sued" clause. (See Docket No. 415.)[2] The D&Os alleged that the FDIC-C breached a duty to adequately forewarn them of and avert Westernbank's downfall. (See generally id.) Because the FDIC-C purportedly failed, in the D&O's opinion, it bears some of the liability for the bank's demise that the FDIC as receiver ("FDIC-R") now attempts to place

---

[1] Frank C. Stipes Garcia, Juan C. Frontera Garcia, Hector Del Rio Torres, William Vidal Carvajal, Cesar Ruiz, and Pedro R. Dominguez.

[2] The FTCA is codified at 28 U.S.C. § 1346. Article 1802 is codified at P.R. LAWS. ANN. tit. 31 § 5141. The FDIC's "sue-and-be-sued" clause is codified at 12 U.S.C. § 1819(a) and states that the FDIC "shall have power . . . [t]o sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal."

1   on the D&O's shoulders.  (See generally Docket No. 415.)  The D&Os consequently seek
2   contribution and apportionment from the FDIC-C for any damages they owe the FDIC-R.  (Id.)
3         The FDIC-C and the U.S. both disagreed and respectively moved for summary judgment.
4   (See Docket Nos. 917 & 928.)  They raised several arguments to support the motions.  The court
5   first considers the question of jurisdiction and disposes of the third-party complaint based on that
6   issue, thus omitting consideration of the other arguments.  The FTCA is the exclusive vehicle
7   through which the D&Os may seek contribution and apportionment from a joint tortfeasor, and
8   the United States is the only proper party in such an action.  See 28 U.S.C. § 2679.  Because the
9   parties voluntarily consented to dismissal of the United States, see Docket No. 981, the court
10  **GRANTS** the motions for summary judgment at Docket Nos. 917 & 928.
11        The FTCA states that the "authority of any federal agency to sue and be sued in its own
12  name shall not be construed to authorize suits against such federal agency on claims which are
13  cognizable under section 1346 of this title, and the remedies provided by this title in such cases
14  shall be exclusive."  28 U.S.C. § 2679.  This means that if the D&O's claims are cognizable
15  under the FTCA then suing the U.S. under the FTCA, rather than the FDIC under Article 1802,
16  is the proper way to seek apportionment and contribution from the FDIC.
17        Determining whether the action is cognizable first requires answering whether Puerto
18  Rico law, not federal law, serves as "the source of substantive liability." FDIC v. Meyer, 510
19  U.S. 471, 478 (1994). Liability attaches as a "substantive source" if Puerto Rico's substantive
20  law, not federal law, says so.  Id.  The D&Os assert the FDIC-C was negligent under Puerto
21  Rico's general tort statute, Article 1802, which entitles joint tortfeasors to apportionment and
22  contribution.  See P.R. LAWS. ANN. tit. 31 § 5141; (see also Docket No. 415 at 8-9.)  The court

**Civil No. 11-2271 (GAG)**

bypasses any further analysis of whether government agencies have a duty to forewarn the entities they oversee of impending hardship or incur liability for contribution and apportionment, as this question goes to the merits of the argument and the case would be dismissed on jurisdictional grounds even assuming *arguendo* that Puerto Rico law imposes a duty on regulatory agencies. On the one hand, if a duty exists, the third-party complaint nevertheless raises a cognizable question. On the other, if no duty exists, then this issue would be moot. Therefore, Puerto Rico substantive law governs here, satisfying the first inquiry.

The second step is determining whether the causes of action are cognizable under section 1346. See Meyer, 510 U.S. at 475. If a suit is cognizable under section 1346, the FTCA remedy is exclusive and the FDIC cannot be sued in its own name despite the sue-and-be-sued clause in 12 U.S.C. § 1819(a). Id. The D&O's claims are for contribution and apportionment. (See Docket No. 415 at 8-9.) These claims are "cognizable under section 1346," as discussed more below, which means the "authority of [the FDIC] to sue and be sued in its own name shall not be construed to authorize suits against [it] . . . ." 28 U.S.C. § 2679; see, e.g., United States v. Yellow Cab Co., 340 U.S. 543, 544 (1951) (The FTCA "empowers a United States District Court to require the United States to be impleaded as a third-party defendant and to answer the claim of a joint tort-feasor for contribution as if the United States were a private individual.").[3]

---

[3] The Yellow Cab Court considered the FTCA as codified at 28 U.S.C. §§ 921-946. It noted, "under the revision of the Judicial Code, effective September 1, 1948, the [FTCA's] provisions now appear, with slight modifications, in 28 U.S.C. . . . 1346(b))." Yellow Cab, 340 U.S. at 544 n.1. Section 1346(b)'s predecessor, section 931(a), stated that jurisdiction existed "on any claim against the United States, for money only . . . ." id. at 548 n.4, and section 1346(b) states that jurisdiction exists "on claims against the United States, for money damages . . . ." 28 U.S.C. § 1346(b). As the Yellow Cab Court noted, the provisions in the amended version were "largely

**Civil No. 11-2271 (GAG)**

The Yellow Cab Court considered the provision of the FTCA that waives immunity from suit on "'any claim against the United States, for money only . . . .'" Id. at 547. It concluded that this provision, relied upon here by the D&Os to distinguish their contribution and apportionment claims from actual money damages that are cognizable under the FTCA, "carries the Government's consent to be sued for contribution . . . as a third-party defendant." Id. at 556-57; see also Newport Air Park, Inc. v. United States, 419 F.2d 342, 343 (1st Cir. 1969) ("[T]he waiver in the [FTCA] extends to claims for contribution when the government is a joint tortfeasor."). Claims for contribution are thus cognizable under the FTCA.

Apportionment claims are also cognizable under the FTCA. See Soto v. U.S., 11 F.3d 15, 16-17 (1st Cir. 1993) (Plaintiffs argued district court erred in assigning apportionment to U.S. in FTCA case and First Circuit held district court's apportionment not clearly erroneous); D'Ambra v. U.S., 518 F.2d 275 (1st Cir. 1975) (affirming district court's apportionment in FTCA case); U.S. v. Grigalauskas, 195 F.2d 494 (1st Cir. 1952) (same). Both claims are therefore cognizable under section 1346. The U.S. is thus the only proper defendant because the claims against the FDIC are cognizable under the FTCA and the FDIC is nominally dismissed. See 28 U.S.C. § 2678. The D&Os, however, voluntarily dismissed the U.S. with the parties'

---

reenacted" with "minor changes . . . made in phraseology." Yellow Cab, 540 U.S. at 548 n.4. The court sees no material or meaningful distinction between the terms "for money damages" and "for money only" found in the two statutes and applies Yellow Cab's section 931(a) analysis to its section 1346(b) analysis. If anything, holding that the phrase "for money only" encompassed contribution implies that "money damages" also encompasses contribution. Furthermore, the Supreme Court subsequently adopted the rationale espoused in Yellow Cab when it interpreted section 1346. See United States v. Gilman, 347 U.S. 507, 508-09 (1954) (interpreting section 1346 based on Yellow Cab Court holding that the U.S. could be sued as a third-party for contributions claimed by a joint tort-feasor, though no specific provision of the FTCA provided for such suits).

**Civil No. 11-2271 (GAG)**

1  consent.  (Docket No. 981); <u>see also</u> F<small>ED</small>. R. C<small>IV</small>. P. 41(a).  Therefore, no proper defendants

2  remain and the third-party complaint is **DISMISSED**.  The summary judgment motions at

3  Docket Nos. 917 and 928 are **GRANTED**.

      It is **SO ORDERED** this 21st day of July, 2014.

                                            <u>/s/ Gustavo A. Gelpi</u>
                                            Hon. Gustavo A. Gelpi
                                            United States District Judge