IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W HOLDING CO., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIG INS. CO., et al.,<br><br>Defendants. | Civil No. 11-2271 (GAG) |

## MEMORANDUM OPINION

Whether the economic recession was reasonably foreseeable should not be determined as a matter of law as the FDIC urges in its motion for summary judgment. (Docket No. 903.) The motion seeks to strike the directors' and officers' ("D&Os") affirmative defense blaming the recession as an intervening cause of Westernbank's troubles that superseded the D&O's alleged gross negligence. (Id.) The FDIC's only argument is a general one: recessions and depressions are part of every economy and economies are never static, so recessions and depressions are therefore always reasonably foreseeable and cannot constitute a superseding, intervening cause. (Id.) For the following reasons, the court **DENIES** the motion for summary judgment at Docket No. 903.

On the one hand, the economy is not static, nor could such a position be credibly defended, so it is reasonable to expect ebbs, flows, depressions, and extended prosperity. On the other, downturns and depressions are not generally foreseeable; otherwise, they would be avoided. It is more accurate to say that they are reasonably expected but rarely foreseeable. Whether the elements of the recession that impacted Westernbank were reasonably foreseeable

is a question of fact for a jury to balance against the degree of D&O gross negligence: were the specific Westernbank-related recession factors reasonably foreseeable? If not, what proportion of Westernbank's downfall is attributable to those factors, and for what are the D&Os responsible?

While the court agrees with the FDIC that the D&Os had a duty to account for economic fluctuation in determining the appropriate course of conduct, see generally Docket No. 903, the D&Os raise a compelling point in asserting that a scant few anticipated the magnitude of the most recent recession. (Docket No. 996.) Resolving this issue as a matter of law would first require the court to ascertain whether the D&O's actions accounted for an economic downturn the magnitude of which they reasonably should have foreseen. Federal judges are not commissioned to extoll their economic opinions, but it is beyond question that only a handful of people foretold of the 2007 recession. To disregard that fact in favor of the general proposition that D&Os have a duty to account for downturns ignores the element of "reasonableness" in the foreseeability assessment. Perhaps the D&O's standard operating procedures included provisions accounting for reasonably foreseeable downturns, and perhaps not. The answer to that question turns on fact, not law: whether they reasonably approved and administered loans in anticipation of a reasonably foreseeable event is up to a jury.

It is generally accepted that the national recession at issue began in December 2007,[1] which postdates nearly all of the allegedly grossly negligent issued and administered loans and predates only certain Plaza CCD loans about which the FDIC complains. (Docket No. 182 at

---

[1] See National Bureau of Economic Research, U.S. Business Cycle Expansions and Contractions (Apr. 23, 2012), available at http://www.nber.org/cycles/US_Business_Cycle_Expansions_and_Contractions_20120423.pdf (compiling relevant data results announced on November 28, 2008).

22.)  With the exception of these particular loans, the D&Os thus were not approving and administering loans despite an on-going economic crisis; rather, they did so prior to it.  The FDIC has sued the D&Os for damages, partially basing its argument on allegedly grossly negligent behavior attributable to a "faltering economy."  (Docket No. 182 at 23.)  But the faltering economy can hardly be considered a contributing factor to the lion's share of the D&O's principal acts of gross negligence unless it was reasonably foreseeable.

The FDIC relies upon two Puerto Rico Court of Appeals cases to support its argument that all recessions and downturns are reasonably foreseeable.  See Banco Popular de Puerto Rico v. Otoso Colon, KLAN201201811, 2013 WL 4070776 (P.R. Ct. App. May 31, 2013); La Plage, Inc. v. Banco Popular de Puerto Rico, KLAN201001688, 2011 WL 5215164 (Sept. 30, 2011).  Both cases held that the economy consistently fluctuates and that recessions and downturns should be expected.  Id.  These cases, however, concerned and rejected requests for equitable modification of contracts under the principle of *rebus sic statibus* because of the ostensibly unforeseeable nature of the recession.  Id.  This is not a contract case and neither party raises arguments premised on *rebus sic statibus*.  If anything, the Puerto Rico appeals court cases support the notion that the D&Os could have called in their loans and successfully warded off modification challenges based on the downturn.  See id.  Additionally, both panels included language substantially limiting their holdings to the specific facts before them.  Id.

Relying on these cases to announce that the Puerto Rico Supreme Court would deem the recession and all of its intricacies reasonably foreseeable would constitute an unreasonable extrapolation, just as blaming "the economy" as a general matter without more will not alleviate D&O liability.  Economic experts must testify on the recession's specific factors that impacted

**Civil No. 11-2271 (GAG)**

the allegedly grossly negligent issued and administered loans at issue, whether those events were reasonably foreseeable, and why.  The experts' testimony and credibility shall be weighed by a jury.  Citing no other cases or laws bearing on how Puerto Rico courts would approach this question, the FDIC turns to other jurisdictions' jurisprudence for support.  (Docket No. 903.)  The court is not persuaded that these cases justify imposition of a principle the contours of which are within the sole province of Puerto Rico to define.  The motion for summary judgment at Docket No. 903 is **DENIED.**

    **SO ORDERED.**

In San Juan, Puerto Rico this 24th day of July, 2014.

*S/Gustavo A.Gelpí*
GUSTAVO A. GELPI
United States District Judge